No. 1948.—STEPHEN S. FISH *v.* T. W. COLLENS.

| 21 | 289 |
|---|---|
| 117 | 1071 |

In a suit where the right of office is involved, the appeal will not be dismissed where the failure to file the record within the time prescribed by law is not imputable to the appellant. Sec. 12, acts of 1864, page 22.

In a controversy for an office the salary of which is fixed by law, it is not necessary to aver or prove that the amount is above five hundred dollars to give the Supreme Court jurisdiction.

The election of a party to an office does not depend upon the ineligibility of his competitor but upon the will of a majority or plurality of the legal voters of the district.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley,* J *E. Filleul,* for plaintiff and appellant, *E. Howard McCaleb* and *E. Bermudez,* for defendant and appellee.

HOWELL, J. This is a contested election case, in which the plaintiff has appealed from a judgment dismissing his action on exceptions pleaded by the defendant, who has, in this court, moved to dismiss the appeal on the grounds:

"*First.*—Because this is a case in which the right to an office is involved and the appeal herein taken from the judgment of the District Court was not made returnable to this court, nor was the transcript filed within the delay required by law.

"*Second.*—Because there is no allegation nor evidence sufficient to give this court jurisdiction *ratione materiæ* over this cause, and to show that the amount in dispute exceeds five hundred dollars."

1. On the first ground it is contended that the appeal should, by the act of 1864, § 9, p. 20, have been made returnable, and the transcript filed within ten days after the judgment of the lower court.

The judgment was signed on the ninth of November, 1868, the motion for appeal made on the sixteenth of the same month, the appeal made returnable on the second Monday (fourteenth day) of December following, the transcript completed on the eighth and filed on the fifteenth of the same month. Under these circumstances we cannot say that the irregularity is imputable to the appellant and he is consequently protected by the twelfth section of said act. He complied with the order of the judge *a quo,* whose duty it was to name the return day in accordance with the law, and there is nothing to show that the appellant sought or obtained any advantage by delay. 10 A. 493, 778. See also acts 1866, p. 154, §§ 13, 16.

2. As the contest is for the office of District Judge, the salary of which is fixed by law, we cannot see the absolute necessity of alleging or proving the amount involved. We know as well from the statute, as we would from an allegation or proof in the record, that the matter in dispute pecuniarily exceeds five hundred dollars. The election contested was, by the constitution, for judges who are to hold office for a term of four years. Arts. 84 and 154. The act No. 99 (acts of 1868) fixes the salary of the District Judges at $5000 per annum.

It is therefore ordered that the motion to dismiss be overruled with costs.

37

## ON THE MERITS.

Ludeling, C. J. The petitioner alleges that he was a candidate for election to the office of Judge of the Seventh District Court of the parish of Orleans, on the seventeenth and eighteenth days of April, 1868; that the defendant and Thomas J. Earhart were also candidates for the same office; and that the defendant claims to have been elected to said office.

Petitioner avers that defendant is, and he was at the date of the election, ineligible to said office. The plaintiff further avers, that *he received the largest number of votes of any candidate eligible to the office.*

The prayer of the petitioner is, that T. W. Collens be declared ineligible to the office, and that the petitioner be declared duly elected , Judge of the Seventh District Court of the parish of Orleans.

The defendant filed exceptions embracing many reasons why, he alleges, the suit should be dismissed. It will be necessary to examine only one of the grounds stated in the exceptions filed by defendant.

It is that the petition states no cause of action. We think the exception well taken. Staes *v.* Gastinel, 20 An. 114 and 20 An. 489.

The plaintiff does not allege that he received a larger number of the votes cast at the election than either of his competitors; but on the contrary, he admits that the defendant received a greater number of votes than he did. The election of the plaintiff did not depend upon the ineligibility of his competitors to the office, but on the will of a majority or plurality of the legal voters of the district, expressed at the ballot box. It is unnecessary in this case to express any opinion as to whether the votes cast for a person, who is notoriously known to be ineligible, should be rejected or not, as no such allegations are made in this petition.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed, and that appellant pay the costs of appeal.