# OCTOBER TERM, 1871, AT DETROIT.

The People on the relation of L. C. Crawford v. Albert Molitor.

*Stipulation in quo warranto proceedings must be signed by the attorney general.* No stipulation can be regarded in a proceeding in the nature of a *quo warranto*, unless signed by the attorney general.—*People v. Pratt, 15 Mich., 184*, affirmed. A relator can take nothing by reason of any statement of facts which has not been found by the jury or admitted by the attorney general, as well as by the respondent.

*Admissions in respondent's plea.* The admissions in a respondent's [plea are conclusive against him, and if they show him not entitled to office, will maintain a judgment of ouster against him; but no judgment can be rendered for the relator thereon, if there has been no trial or finding upon facts.

*Majority of votes cast, necessary to an election.* No one is "elected" at a popular election unless there are more ballots cast for him than for any other person, whether there is or is not, in fact, any such other person in existence who can take the office. A minority candidate can never be allowed to maintain his title.

*Heard July 6. Decided October 3.*

Information in the nature of a *quo warranto.*

The statement of facts referred to in the opinion was signed by George V. N. Lothrop, of counsel for the relator, and by Alfred Russell, of counsel for the respondent, and was as follows, viz: "It is stipulated that this case shall be submitted to the supreme court on the following facts: The first name of the relator, when written out in full, is Leonard; that the relator and the defendant were at the time of the election, and for more than a year had been, citizens of this state, residing in the town of Rogers, Alpena county, Michigan; that at the last annual township election in said town, the whole number of ballots cast for the office of supervisor was 150, and all said ballots were in writing,

and were as follows: L. C. Crawford, 72; Albert Molitor, 69; B. C. Crawford, 7; Leonard Crawford, 2; total, 150."

*Dwight May, Attorney General,* and *George V. N. Lothrop,* for relator.

*Alfred Russell,* for respondent.

CAMPBELL, CH. J.

This is a proceeding in *quo warranto* to inquire into respondent's title to the office of supervisor of the township of Rogers, in Alpena county.

The respondent's plea sets up that one hundred and fifty votes were cast at the election, of which relator had two, and respondent sixty-nine, and that seventy-two ballots contained the name "L. C. Crawford," whereby he claimed himself to be duly elected.

A statement of facts was agreed upon and used on the hearing, to the same effect,—so far as all material facts are concerned; but our attention was not called to the want of the attorney general's signature. We held in *People v. Pratt, 15 Mich., R., 184,* that the attorney general was the only person whose stipulation could be acted upon so as to affect the people, and we there declined to consider a statement of facts agreed to between the relator and the respondent.

We can, however, consider any admissions in the plea, as binding on the respondent and as showing all he can aver on his own behalf; and this plea is an admission that respondent has no title, because it shows affirmatively that he did not receive the greatest number of votes cast. The statute in relation to town elections is substantially like those governing other elections. It provides that "the persons having received the *greatest number of votes given* for any office, at such election, shall be deemed and declared duly elected."—*1 Comp. L. § 537.* It does not, under any

circumstances, allow a minority candidate to be deemed elected,—whether the person for whom the majority appear to have voted can or cannot be installed. The majority here are alleged by the plea to have voted for some one whom they designated as " L. C. Crawford." Whether there is in fact a person of that name, or not, does not change the state of the canvass, nor make sixty-nine a larger number than seventy-two.

Judgment of ouster must go against defendant, with costs to the people.

But the defendant cannot by his statements or admissions establish any rights in others. His default or his admission may preclude himself, but it can go no further. The title of a relator can only be adjudicated when, upon the facts lawfully established in the cause, his right necessarily appears from the finding. It is no part of the principal issue in the cause, and disproving respondent's right does not establish his.—*People v. Connor, 13 Mich., R., 238 ; People v. Miles, 2 Mich., R., 348 ; People v. Knight, 13 Mich., R., 230.*

Inasmuch as the plea raises no issue, it is questionable whether proofs could be taken under it at all, in regard to the rights of a relator, when there is nothing which respondent could try. But, without deciding this, we at all events cannot act upon the agreed case, and can give no judgment except upon respondent's title.

COOLEY and GRAVES, JJ., concurred.

CHRISTIANCY, J., did not sit in this case.