## PROVIDENCE COUNTY.

Isaac Gill *vs.* The Mayor and Aldermen of Paw-
TUCKET.

On petition for a writ of *mandamus* to require a mayor and board of aldermen to
reject votes cast for an ineligible candidate, and to declare the petitioner elected:
*Held,* that the board of aldermen in counting the ballots had no discretion except
to judge of their regularity.  If they were in due form the board could only
count them and declare the result

The petition averred that the electors knew the fact which disqualified the can-
didate.  It did not aver that they knew this fact to be a legal disqualification
or that so knowing they illegally voted for the candidate.

*Held,* that the petition was bad because containing neither of these averments.

Whether if the petition contained either or both of them it would make a case for
relief, is not decided.

Petition for a writ of *Mandamus.*  The questions involved
are stated in the opinion of the court.

*May* 25, 1893.  Matteson, C. J.  This is a petition for a
writ of *mandamus* to the mayor and aldermen of the city of
Pawtucket to require them to reject certain votes cast in
favor of one Frank M. Borden at an election of second coun-
cilman for the second ward in that city, held May 3, 1893,
and to declare the petitioner elected to that office and to give
him a certificate of election accordingly.

It appears that the number of votes cast at the election
was 511, of which the petitioner received 248; Borden, 73;
and one Patrick Keenan, 190.  If the votes for Borden be
rejected, the petitioner would have a majority of the votes.
He claims that they should be rejected because Borden was, as

he alleges, disqualified as a candidate, in that he was not a resident of the second ward at the date of the election, and that the electors knew that fact.

A similar question was considered in *In re Corliss*, 11 R. I. 638, 644, in which the conclusion was reached that the result of an election to an office of a person disqualified is to render void the election of the candidate who is disqualified, but not to elect the candidate receiving the next highest number of votes. The question now presented is different from that in *In re Corliss*, since it is averred in the petition that the electors knew of the fact creating the disqualification. It is not averred, however, that the electors knew that the fact amounted to a disqualification in point of law, or that, knowing the disqualification, they voted for the candidate in defiance of law. Without one or the other of these averments, it is clear, under the cases cited in *In re Corliss*, 11 R. I. 648, that the votes could not be rejected and the petitioner held entitled to the office. Whether if such facts were averred, that result could be accomplished, is a question not now before us.

Again, the board of aldermen, in counting the ballots exercise no discretion except to judge of the regularity of the ballots. If the ballots are in due form, they have no duty but to count them and declare the result. That duty the respondents have performed.

We are of the opinion that the petition must be denied and dismissed.

*Hugh J. Carroll, Thomas W. Robinson & Claude J. Farnsworth,* for petitioner.

*Thomas P. Barnefield,* for respondents.