J. WARNER GARDNER, APPELLANT, V. THOMAS BURKE, APPELLEE.

FILED MARCH 20, 1901. No. 11,547.

1. **Election of Disqualified Person by Legal Votes Void.** Where a plurality of legal votes is cast for a person for a public office who is ineligible thereto, the election is void, and the one who receives the next highest number of votes is not entitled to the office or the emoluments thereof.

2. **Agreement Between Electors.** The agreement of electors set out in the opinion did not render their votes illegal.

APPEAL from the district court for Blaine county. Heard below before MUNN, J. *Affirmed.*

*John S. Kirkpatrick,* for appellant.

*E. H. Riggs* and *A. S. Moon, contra.*

NORVAL, C. J.

This is a contest over the office of county attorney of Blaine county. Plaintiff and defendant were candidates for said office at the general election held November 7, 1899, the former receiving thirty-four votes and the latter eighty-three votes. The defendant was declared elected, but failed to qualify. Defendant contends that as he was at the time ineligible to be elected to said office, the election was void. Plaintiff insists that eighty of the votes that were cast for the defendant were illegal and void, and that, therefore, plaintiff received the highest number of legal votes cast for the office and was accordingly elected thereto. The averments of the petition presenting this point, which are by the answer admitted to be true, are as follows:

"That on or before the 7th day of November, 1899, in said Blaine county an unlawful agreement and undertaking was entered into by the leading persons hereinafter mentioned for the purpose and object of defeating an election of an eligible person to fill the office of county attorney and for the purpose and object of defeating the plaintiff's election to said office, said persons agreed among themselves that no county attorney was needed in said county and the employment of one was a needless expense to the county and that to prevent the election of a person eligible to said office, and especially to prevent the election of this plaintiff, they would nominate and elect a person who was ineligible to said office and thereby and by that means prevent the election of an eligible person and especially of this plaintiff; and in pursuance of said unlawful agreement and fully knowing that the defendant was ineligible to said office, said persons, to-wit: (the names of eighty voters of the county

are here set out in the petition) all of Blaine county aforesaid did vote at said election for said T. Burke for said office of county attorney meaning and intending thereby to give him the defendant a sufficient number of votes to deprive this plaintiff of the election and to prevent the election of anyone to fill said office and to cause a vacancy in said office.

"Plaintiff further says that the votes cast for him, the said plaintiff, were cast in good faith, and with the honest intention of electing him to said office, and with the honest intention of filling said office according to law, and that the votes cast for the defendant were not cast with the intention of filling said office, but were cast with the dishonest and illegal intention of preventing an election in said office and with the unlawful intention to defeat this plaintiff and prevent the filling of said office, wherefore plaintiff says that said votes so cast for him were legal votes and that said votes so cast for the defendant were illegal and void, and therefore plaintiff prays," etc.

Section 97, chapter 26, Compiled Statutes, declare that "when the person whose election is contested is found to have received the highest number of legal votes, but the election is declared null by reason of legal disqualification on his part, or for other causes, the person receiving the next highest number of votes shall not be declared elected, but the election shall be declared void." Under this provision, when a plurality of votes is cast for a person for a public office, who is ineligible thereto, the election is void. *State v. Boyd*, 31 Nebr., 682. It therefore being admitted by the pleadings that the defendant was ineligible to the office of county attorney of Blaine county on the date of the election, the election as to such office was void, in case a majority of the legal votes was cast for him. The argument of counsel for plaintiff is that the matters pleaded in the petition already quoted rendered eighty of these votes received by defendant illegal and void, consequently plaintiff re-

ceived a majority of the legal votes cast for the office of county attorney. The argument, while novel, is untenable. Whether an agreement of that character entered into by the voters makes their votes illegal and void may be well doubted; but we are persuaded that no such agreement could have had that effect, where the person for whom such electors cast their votes is not a party to such agreement. In this case it is not disclosed by the record that Thomas Burke was, directly or indirectly, a participant in said agreement, or was consulted with reference thereto. These eighty persons, who, it is claimed, entered into the arrangement in question, were legal, qualified voters, and had a right to cast their votes for whomsoever they chose. Their votes were not illegal, within the meaning of the statute, by reason of their having participated in said agreement. Plaintiff, therefore, did not receive the highest number of the legal votes cast for the office of county attorney. That defendant was ineligible to said office, and that plaintiff received the next highest number of votes therefor does not entitle the latter to the office or the emoluments thereof. This is the plain meaning of the statute. The judgment is

AFFIRMED.