## T. C. Haggard et al. v. The People, ex rel. A. Reeser et al.

1. JUDGES OF ELECTION—*character of office of.* Judges of election when acting as a board of election canvassers are ministerial and not judicial officers. They can only compute the votes cast for the several candidates and declare the result, as shown by the face of the returns. They have no power, in case of a tie vote, to determine by lot who is the successful candidate.

2. ELECTION—*effect of electing ineligible candidate.* The general rule is that an election at which an ineligible candidate receives a majority or plurality of the votes cast, while it confers no right to the office upon such an ineligible candidate, an eligible candidate who has received a less number of votes cannot be declared elected, but it must be held that there was a failure to elect.

3. ELECTION—*effect of tie.* In the case of a tie, neither candidate is elected and the judges of election, in the absence of statutory authority, are not authorized to determine by lot which candidate shall be declared elected.

4. ELECTION—*effect of certificate of.* A certificate of election ordinarily gives to the holder a *prima facie* right to office, but where the certificate contains statements which show that the holder was not so in fact elected, the certificate ceases to be *prima facie* evidence of such right to office.

*Quo warranto* proceeding. Error to the Circuit Court of DeWitt county; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this

court at the May term, 1906. Reversed and remanded. Opinion filed November 27, 1906.

HERRICK & HERRICK and LEMON & LEMON, for plaintiffs in error.

ARTHUR F. MILLER, State's Attorney, JOHN FULLER and INGRAHAM & INGRAHAM, for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a writ of error to the Circuit Court of De-Witt county, to reverse the judgment of that court in a *quo warranto* proceeding instituted by defendants in error against plaintiffs in error to oust them from the office of drainage commissioners of the Goose Creek Special Drainage District of the counties of De Witt and Piatt. The information does not call in question the legal organization or existence of the drainage district.

Plaintiffs in error filed their plea to the information alleged in substance that on August 2, 1905, the County Court of DeWitt county, by its order duly entered of record, did appoint plaintiffs in error, together with one E. A. Dewey, drainage commissioners for said district, and that said order still remains in full force and effect. The plea further alleges that on July 20, 1905, said County Court ordered an election held in said drainage district on August 2, 1905, for the purpose of electing three drainage commissioners for said district; that the county clerk of De-Witt county, as *ex officio* clerk of said drainage district, gave notice as required by law of the time and place of holding said election; that immediately before said election was held, plaintiff in error Haggard and one E. A. Dewey selected the plaintiff in error Wisegarver to act as clerk of said election, and that at the election then held said Haggard and Dewey acted as judges and said Wisegarver acted as clerk;

that at the close of said election said judges canvassed the votes cast, and that plaintiffs in error and said Dewey having received the highest number of votes cast were declared elected to the office of drainage commissioner as follows:    Joseph Beavers 3 election held after the organization of said drainage district; that within five days after said election, the poll book used at said election with the certificate showing that plaintiffs in error and said Dewey had been elected to the office of drainage commissioners of said district, were delivered to the county clerk of DeWitt county.    The plea sets forth *in haec verba* the certificate so delivered to the county clerk, and such certificate recites that at said election, the several persons named received votes for the office of drainage commissioner as follows:    Joseph Beavers 3 votes, T. C. Haggard 3 votes, Smith Wisegarver 3 votes and E. A. Dewey 3 votes; that said Joseph Beavers is not a landowner in said district and was therefore declared by the judges of said election to be ineligible to the office of drainage commissioner, and that said judges therefore declared elected to said office of drainage commissioner the said E. A. Dewey and the plaintiffs in error.    The certificate further recites that the persons so declared elected drainage commissioners cast lots to determine their respective terms of office and the result thereof.    The plea further alleges that the said Joseph Beavers acquiesced in the decision of the judges of election as to his ineligibility and failed and refused to qualify for the office of drainage commissioner and does not claim said office.    A general demurrer interposed to said plea by defendants in error, was sustained by the court, and plaintiffs in error electing to abide their plea, judgment of ouster was entered against plaintiffs in error.

Plaintiffs in error assert their right to the office of drainage commissioners by virtue of the election therefor held in the manner set forth in their plea

to the information, and failing in that they maintain their right to such office by virtue of their appointment thereto by the County Court of DeWitt county.

The statute prescribing the manner in which elections for drainage commissioners in special drainage districts shall be conducted and certified provides: "At the close of the election, the judges of election shall canvass the votes, and the three persons, or so many as there are vacancies to be filled, having the highest number of votes, shall be declared elected. In case of a tie, the judges shall determine, by lot, who is elected, and they shall also determine, by lot, at the first election, their respective terms of office," etc. Hurd's Stat. 1903, chap. 42, par. 129.

Judges of election, when acting as a board of election canvassers, are ministerial, and not judicial officers. They can only compute the votes cast for the several candidates, and declare the result as shown by the face of the returns. People v. Kilduff, 15 Ill. 493; People v. Head, 25 Ill. 325; People v. Hilliard, 29 Ill. 413. They manifestly have no authority to consider and determine the eligibility of a candidate, and refuse to certify the election of one whom they decide to be ineligible.

The general rule is that an election at which an ineligible candidate receives a majority or plurality of the votes cast, while it confers no right to the office upon such ineligible candidate, an eligible candidate who has received a less number of votes cannot be declared elected, but it must be held that there was a failure to elect. In re Corliss, 11 R. I. 638; People v. Clute, 50 N. Y. 451; Barnum v. Gilman, 27 Minn. 466; Sublett v. Bedwell, 47 Miss. 266; Commonwealth v. Cluley, 56 Pa. St. 270. In Commonwealth v. Cluley, supra, it is said: "The votes cast at an election for a person who is disqualified from holding an office are not nullities. They cannot be rejected by the inspectors, or thrown out of the count by the return judges."

In the case of a tie, neither candidate is elected, and the judges of election, in the absence of statutory authority, are ·not authorized to determine by lot, which candidate shall be declared elected. Hammock v. Barnes, 4 Bush, (Ky.) 390; Erdam v. Barrett, 89 Pa. St. 320.

It is urged on behalf of plaintiffs in error that the certificate of election gives them a *prima facie* right to the office. This might be so if the certificate contained no statement of their action declaring one of the candidates ineligible, and declaring other candidates, receiving an equal number of votes, to have been elected. The certificate, however, is vitiated by the statement so made. Hartt v. Harvey, 32 Barb. (N. Y.) 55.

Four candidates for the office of drainage commissioner having received an equal number of votes, and there being but three to be elected, it was the duty of the judges of election under the statute to determine, by lot, which three were elected, and to return a certificate in accordance with such determination. If the certificate, so returned, declared a candidate to have been elected who was ineligible to hold the office, the right of such candidate to hold office could have been judicially determined.

The election held on August 2, 1905, as certified, having resulted in a failure to elect any drainage commissioners, does it necessarily follow that a judgment of ouster should be entered against plaintiffs in error? We think not.

The plea alleges that plaintiffs in error were appointed commissioners of the drainage district by an order of the County Court of DeWit county, which order still remains in full force and effect. The statute provides that upon the hearing by the County Court of the petition for the formation of a special drainage district, if the court shall find in favor of the petitioners, it shall enter an order to that effect, and it shall thereupon be the duty of the court to ap-

point three drainage commissioners for said district. Hurd's Stat. 1903, chap. 42, par. 127. Plaintiffs in error as the commissioners so appointed by the court, are vested by the statute with all the powers of drainage commissioners chosen at an election, and until their successors have been regularly elected at an election held in pursuance of the statute, they are the commissioners *de jure* of the district.

The judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*