## STATE, EX REL. HESTON, *v.* ROSS.

[No. 21,066. Filed March 31, 1908.]

From Randolph Circuit Court; *John W. Macy*, Judge.

*Quo warranto* by the State, on the relation of Amos Heston, against Elmer Ross. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Smith & Moran*, for appellant.
*Nichols, Goodrich & Bales, Focht & Hutchens* and *James A. Ross, Jr.*, for appellee.

JORDAN, J.—This is a proceeding in the nature of *quo warranto* by the relator to oust appellee from the office of county assessor and to obtain possession thereof for himself. The material facts alleged in the complaint, or information, are as follows: The re-

State, ex rel., *v.* Ross—170 Ind. 704.

lator, Amos Heston, on November 6, 1906, and for twenty years prior thereto, was a resident and an elector of Randolph county, Indiana. On said November 6, and for seven years immediately preceding said date, he was, and now is, and was also on January 1, 1907, a resident householder and freeholder of Randolph county, Indiana, being the owner in fee of forty acres of real estate situated in said county, and on said November 6 he was in all respects eligible to be elected to and hold the office of county assessor of said county. At the general election held in Randolph county on November 6, 1906, for the election of county assessor and other public officials, the relator and appellee, Elmer Ross, were, among others, candidates for said office of county assessor. Of the whole number of legal votes cast at said election by the electors of said county for county assessor appellee received 3,602, the relator received 1,901 votes, Granville E. Jones received 204 votes and Roscoe Gettinger received sixty votes. It is alleged that of the eligible candidates the relator received the highest number of votes cast at said election, and was, therefore, duly elected to said office. That while appellee received the highest number of votes cast at the election, he was not eligible to be elected to or hold the office of county assessor for the reason that he was not at the date of said election, and had not been for a period of four years immediately prior thereto, a freeholder of Randolph county, Indiana. It is disclosed by the averments that within ten days after the election appellee filed his bond with the county auditor of Randolph county, Indiana, in the sum of $5,000, which was approved by the auditor, and he took the official oath as county assessor. It is charged that he has intruded himself into said office and usurped the same and is now holding himself out to the public as legally elected to and entitled to discharge the duties of said office, and has since January 1, 1907, wrongfully and unlawfully kept the relator out of possession of the office of county assessor and deprived him of the emoluments thereto, to his damage in the sum of $50.

It further appears that on December 31, 1906, the relator tendered to the auditor of Randolph county an official bond in the sum of $5,000, with good and sufficient sureties thereon, which bond was duly approved by the auditor on said December 31, and that thereupon the relator requested that the auditor administer to him the oath of office of county assessor, which said auditor refused to do. Thereupon the relator, on said date, took the oath of office before a notary public of said county, etc. The complaint closes with the demand that the defendant be ousted from the office, that the relator have possession thereof and that judgment be awarded him in the sum of $100 damages.

Appellee demurred to the complaint upon the grounds (1) that plaintiff had no legal capacity to sue, and (2) that the complaint

did not state facts sufficient to constitute a cause of action. The court, over the objections and exceptions of the relator, sustained the demurrer to the complaint. Thereupon the relator refused to plead further, but elected to abide by the ruling of the court upon the demurrer, and judgment was accordingly rendered against him that he take nothing by his complaint and that the defendant recover from him his costs laid out and expended.

The error assigned is the sustaining of the demurrer to the com-. plaint.

Counsel for the relator contend that the complaint by its positive allegations shows that appellee was not eligible to be elected to and hold the office of county assessor and, therefore, the votes cast for him should not be counted nor considered against the relator, the eligible candidate receiving the next highest vote. Counsel for appellee raise the question as to the constitutional validity of that part of §10275 Burns 1908, Acts 1903, p. 49, §37, whereby the office of county assessor is created, which provides in part that the "county assessor shall be a resident freeholder of the county not less than four years before the date of such election." As we have reached a conclusion, upon another feature of the case, adverse to the right of the relator to maintain this action, we pass, without deciding, the constitutional question raised by appellee.

The gravamen of the complaint is the ineligibility or disqualification of appellee to be elected to and hold the office of county assessor for the reason that he was not at the date of the election in question, and for four years immediately prior thereto, a resident freeholder of the county, as required by the statute creating the office; that inasmuch as the relator is shown to have been eligible and qualified at the date of said election to be elected to and hold the office in question, and having received the next highest vote to that cast for appellee, an ineligible person, he must, under the law, be held to have been elected to and entitled to hold the office upon being duly qualified as required by law.

There is an entire absence in the complaint of any showing that the electors of Randolph county, when they cast their votes at the election in controversy in favor of appellee for the office of county assessor, had any knowledge or notice whatever, either actual or constructive, that he was not at the date of said election, and had not been for four years prior thereto, a resident freeholder of said county. In the absence of such a showing the complaint herein is fatally defective and the relator thereunder does not establish any right to maintain this action to oust appellee from the office and be awarded possession thereof for himself. *State, ex rel.,* v. *Bell* (1907), 169 Ind. 61.

In the latter case the precise question here involved was presented and decided by this court adversely to the claim, c-·

contention, of the relator herein. In *State, ex rel.,* v. *Bell, supra,* and also in *Hoy* v. *State, ex rel.* (1907), 168 Ind. 506, this court fully considered the rule which the relator claims sustains his right under the facts to the office in question, and reviewed the decisions of this court which assert and follow the rule for which the relator contends. We held in both of the cases mentioned that, in the absence of a showing of notice or knowledge upon the part of the electors casting their votes for an ineligible candidate, of his ineligibility or disqualification, the eligible candidate who received the next highest number of votes could not be considered or held to be legally elected. Under the facts disclosed in the complaint the case at bar must be ruled by the decision in *State, ex rel.,* v. *Bell, supra.*

It follows, therefore, that the ruling of the lower court in sustaining the demurrer to the complaint was right, consequently the judgment must be, and is, affirmed.

Monks, C. J., did not participate in this decision.