# H. L. WOLL v. H. K. JENSEN.

## (162 N. W. 403.)

Office — candidate for — qualified — minority vote — does not entitle to —
candidate receiving highest vote — disqualified — fact known to voters
— plurality of votes cast — failure to receive — election a nullity.

A minority vote for a qualified candidate does not entitle such candidate
to the office, even though the candidate receiving the highest number of votes
was disqualified to hold the office and such fact was known to the voters at the
time of the election. However, the failure of the qualified candidate to receive
a plurality of the votes cast renders the election a nullity.


Opinion filed March 26, 1917.


Proceeding to contest the election and determine the right to the office
of county superintendent of schools.

Appeal from the District Court of Morton County, *J. M. Hanley,* J.
Judgment for defendant. Plaintiff appeals.

Affirmed.

*Langer & Nuchols* and *C. F. Kelsch,* for appellant.

No person is deemed qualified for the office of county superintendent
of schools who has not had two years' successful experience in teaching
school, and a person who is ineligible to hold a public office cannot be

NOTE.—The case of WOLL v. JENSEN is in accord with the great weight of
American authority, which holds that, in order that a candidate may be legally
elected, he must receive a majority of the votes cast, and the mere fact that the
one receiving the highest number proves ineligible confers no right to the office
upon the one receiving the next highest number, but, as such votes cast for the
disqualified candidate are generally held to be legal votes, which may properly be
counted, a second election is required in order that a candidate may be chosen who
is legally qualified, and who shall receive a majority vote.

For cases in accord with this rule, and for a discussion of the English rule,
which seems to be that, if the electors have sufficient notice of the ineligibility at
the time of voting, the next highest candidate will be elected, as the votes cast
under such circumstances are void, and not counted; and for some American
cases in accord therewith see notes in 13 L.R.A.(N.S.) 1013, and 34 L.R.A.(N.S.)
240, on the right of candidate receiving next highest number of votes in the event
that the person receiving the highest number is ineligible.

elected thereto.    Comp. Laws 1913, § 1122; Jenness v. Clark, 21 N. D. 150, 129 N. W. 357, Ann. Cas. 1913B, 675.

Title to a county office may be tried by the statutory procedure for contest of election, or by civil action in the nature of quo warranto. State ex rel. Butler v. Callahan, 4 N. D. 481, 61 N. W. 1025; Comp. Laws 1913, § 1048; Gulick v. New, 14 Ind. 93, 77 Am. Dec. 49; State ex rel. Clawson v. Bell, 169 Ind. 61, 13 L.R.A.(N.S.) 1013, 124 Am. St. Rep. 203, 82 N. E. 69; State ex rel. Bancroft v. Frear, 144 Wis. 79, 140 Am. St. Rep. 992, 128 N. W. 1068; Hatcheson v. Tilden, 4 Harr. & McH. 279; Com. ex rel. McLaughlin v. Cluley, 56 Pa. 270, 94 Am. Dec. 75; Howes v. Perry, 92 Ky. 260, 36 Am. St. Rep. 591, 17 S. W. 575; People ex rel. Furman v. Clute, 50 N. Y. 451, 10 Am. Rep. 508; State ex rel. Atty. Gen. v. Vail, 53 Mo. 97; Wood v. Bartling, 16 Kan. 109; Hanson v. Grattan, 84 Kan. 843, 34 L.R.A.(N.S.) 240, 115 Pac. 646; State ex rel. Goodell v. McGeary, 69 Vt. 461, 44 L.R.A. 446, 38 Atl. 165.

A person who is ineligible to hold a public office cannot be elected thereto.    Jenness v. Clark, supra.

In such a case the candidate for the same office who, at the same election, receives the next highest number of votes, is elected, and is entitled to the office, especially when the voters knew at and before election that such other candidate was not qualified for the office.    Rex v. Hawkins, 10 East, 211, 103 Eng. Reprint, 755; Gosling v. Veley, 7 Q. B. 406, 115 Eng. Reprint, 542; Trench v. Nolan, 2 Moak, Eng. Rep. 711; Rex v. Monday, Cowp. pt. 2, p. 530, 98 Eng. Reprint, 1224.

"While it is true that the votes of a majority should rule, the tenable ground appears to be that, if the majority should vote for one wholly incapable of taking the office and with full notice of such incapacity, or should perversely refuse or neglect to express their choice, those who should legitimately choose on eligible to the position, although a minority, should be heeded."    Gulick v. New, 14 Ind. 93, 77 Am. Dec. 49.

Where the proof upon the trial shows actual notice and knowledge on the part of the voters of the ineligibility of the party for whom they voted, the eligible candidate next highest in vote is entitled to the office. State ex rel. Clawson v. Bell, 169 Ind. 61, 13 L.R.A.(N.S.) 1013, 124 Am. St. Rep. 203, 82 N. E. 69.

*Sullivan & Sullivan,* for respondent.

The general rule in this class of cases is that a majority, or a plurality of the votes for an ineligible candidate at a popular election, while conferring on him no rights to the office, in the absence of any statute declaring such votes void, yet it operates to prevent the election of the candidate who receives a less number of votes.  10 Am. & Eng. Enc. Law, 578.

The courts will not hold anyone to be elected to office who does not receive a majority—or plurality—of the votes cast on such office.  Sheridan v. St. Louis, 183 Mo. 25, 81 S. W. 1082, 2 Ann. Cas. 480; Cooley, Const. Lim. 6th ed. p. 780.

Until it is shown to the contrary, the presumption is that where the candidate's name is printed on the ballot and handed to the elector, such candidate is eligible.  Patton v. Haselton, 164 Iowa, 645, 51 L.R.A.(N.S.) 226, 146 N. W. 477.

BRUCE, Ch. J.   This is a proceeding to contest the election and determine the right to the office of county superintendent of schools of Morton county.  There were but two candidates for the office.  The plaintiff received 2,318 votes, and the defendant, 3,215 votes.  A motion to dismiss was filed and treated as a demurrer.

The petition alleges that the defendant has not had two years' successful experience in teaching, and has not taught school for two years, and has not had two years' experience in teaching schools, and is therefore ineligible to hold the office of county superintendent under the provisions of § 1122 of the Compiled Laws of 1913.  Section 1122 of the Compiled Laws of 1913 provides that "no person shall be deemed qualified for the office of county superintendent in any county, who is not a graduate of some reputable normal school or higher institution of learning, or does not hold at least a second grade professional certificate, and who has not had at least two years' successful experience in teaching, one year of which shall have been in this state."

We refrain from discussing the question of the qualification and title of the defendant, as it is not necessarily before us.  Even if disqualified, the controlling question of the right of the plaintiff to the office remains and must be met.  Specifically stated it is, whether one who has received less than the majority of the votes which are cast

at an election is elected to such office so that he can claim the same when the voters knowing of the disqualification of his opponent chose to elect the latter by a majority of the votes cast.

We are satisfied that, though the election was a nullity, the plaintiff and appellant is not entitled to the office in question, and that, therefore, the trial judge was justified in dismissing the complaint.

The question before us has been the subject of no little discussion. It seems to be generally conceded that, where the voters do not know of the disqualification, the votes cast for the disqualified candidate cannot be credited to the defeated party, and that the whole election will be deemed a nullity. The only doubt in the minds of the writers has been whether this is true when the disqualification is known. The English rule and the rule of Indiana seems to be that where the disqualification is known the party receiving the minority vote will be entitled to the office, and this on the theory that the voters have wilfully thrown away their votes, and that the office should not go begging on that account.

The weight of American authority, both legislative and judicial, seems to be that no such intention to throw away the vote can be imputed, but that rather the vote for the disqualified candidate must be considered as a protest against the qualified person, and especially should this be the case where there are only two candidates. The authorities lay stress, indeed, upon the proposition that government by the majority seems to be an American maxim, and that no one should be deemed elected against the protest of that majority. It is true that many of the authorities are purely legislative. It is also true that perhaps in no adjudicated case has the question been fairly presented. The *dicta* of the courts, however, and the positive rulings of the legislative tribunals, are almost unanimous on the proposition that, where there is no statute declaring votes cast for ineligible candidates to be absolutely void, no right to the office can be presumed in the defeated candidate. We hold, therefore, that the plaintiff was not elected to the office. See McCrary, Elections, 4th ed. § 327; Privett v. Bickford, 26 Kan. 52, 40 Am. Rep. 301; Throop, Pub. Off. § 163; Dillon, Mun. Corp. 5th ed. § 373; Saunders v. Haynes, 13 Cal. 145; State ex rel. Dunning v. Giles, 1 Chand. (Wis.) 112, 52 Am. Dec. 149; State ex rel. Off v. Smith, 14 Wis. 497. Such being the case, the judgment of the District Court is affirmed.