## FIELDS v. NICHOLSON.

[No. 24,352. Filed January 5, 1926.]

1. ELECTIONS.—*Any qualified voter may contest an election, regardless of his eligibility to the office.*—Under the provision of §7597 Burns 1926, §6995 Burns 1914, any qualified voter may contest an election, from which it follows that a candidate for the office who was a qualified voter may contest the election regardless of whether he himself was entitled to the office. p. 164.

2. ELECTIONS.—*Candidate disqualified for holding office under Constitution, Art. 2, §6, is "ineligible" to hold office within meaning of the statute.*—A candidate who is "disqualified for holding office" within the meaning of the Constitution (Art. 2, §6, Constitution) is "ineligible" to hold office within the meaning of §7610 Burns 1926, §7008 Burns 1914. p. 165.

3. ELECTIONS.—*Publication of offer to refund part of salary and to provide an office without charge held to constitute offer of reward to secure election within the meaning of the Constitution.*—Publication in a newspaper of the county in which an election is to be held of an article pledging a candidate, if elected, to refund part of the salary and proposing to provide an office without charge constitutes an offer of a reward to secure the election within the meaning of Art. 2, §6, of the Constitution. p. 165.

4. ELECTIONS.—*Ineligibility of candidate receiving highest number of votes does not give candidate receiving next highest number right to office in absence of proof that voters knew of ineligibility.*—In an election contest on the ground that the candidate receiving the largest number of votes was ineligible to hold the office, in the absence of proof that the voters knew that he was ineligible, that fact alone would not give the candidate receiving the next highest number of votes the right to the office. p. 165.

From Martin Circuit Court; *Milton S. Hastings,* Judge.

Election contest by Luther Fields against H. Tilden Nicholson. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*Hiram McCormick* and *Frank E. Gilkison,* for appellant.

*A. J. Padgett* and *F. Gwin,* for appellee.

EWBANK, C. J.—Appellant was the plaintiff and appellee the defendant in an action to contest a township election. They were rival candidates for the office of township trustee of Baker township in Martin county. Plaintiff received 140 votes and defendant 178 votes, and the board of election commissioners declared defendant elected and issued him a certificate of election. But within the time allowed for contesting the election plaintiff filed with the board of commissioners a complaint alleging that he and defendant were the only candidates for the office of township trustee at the election, that plaintiff was eligible to be elected to such office, but that defendant was not eligible by reason of the alleged fact that three weeks before the election he caused to be published in a weekly newspaper of general circulation in said Baker township a statement addressed to the voters of the township that he promised and pledged himself, if elected, to refund to the township out of his salary as trustee the sum of $150 per year, and to keep his office in his home without charge to the township for rent; that such publication constituted the offer of a bribe to the voters of the township for the purpose of inducing them to cast their ballots for him at the election, and that the voters had notice and knowledge of the fact when they cast their ballots. Defendant answered by a general denial, and by a paragraph of affirmative answer charging that the contestor (plaintiff) had been guilty of corrupt practices at and in the said election, in that he had offered to give and did give to persons who cast twenty-five or more votes for him a consideration either in money or promises to induce them to do so. Plaintiff replied by denial. The trial resulted in a finding that plaintiff was not entitled to recover and that defendant should recover his costs; and judgment was rendered accordingly.

Overruling the motion for a new trial is assigned as error, under which appellant has specified that the decision is not sustained by sufficient evidence and is contrary to law. There is no conflict in the evidence, defendant not having offered any.

It was admitted at the trial that both the plaintiff and defendant were qualified voters of the township, and were candidates for the office of township trustee; that there were no other candidates; that plaintiff received 140 votes and defendant 178 votes for said office, and that the canvassing board of election declared defendant elected and issued to him a certificate of election. It was also proved without dispute that defendant had caused the article to be published in a newspaper of general circulation in Martin county, as alleged in the complaint, which article was addressed "to the voters of Baker township, Martin county," and stated that as candidate for trustee of said township defendant pledged himself, if elected, to refund to the township, out of his salary as trustee, the sum of $150 per year, and to make no charge for office rent, as his "mite" to relieve the depressed financial condition of people in the township. The article purported to be signed by him as a candidate for the office of trustee. It was also proved that five witnesses who were voters of Baker township, besides the plaintiff himself, had read the article before the election, but that all of the persons shown to have read it had voted for plaintiff. There was no evidence showing the extent to which said newspaper had circulated in Baker township, or the number of voters of that township who read the article (if any) other than plaintiff and the five who testified. There was also evidence that at least twenty-five other voters of the township had discussed the article, or heard it discussed, though they were not shown to have read it, and that one of them had voted for plain-

tiff, while it was not shown for whom the others voted, or whether they voted at all. Except by inference from the fact that the article appeared in a newspaper of general circulation in Martin county, Indiana, there was no evidence tending to show that more than twenty-five or thirty voters of the township knew, at the time they cast their ballots for either candidate for township trustee, that the article had been published. And there was no evidence that even one person who knew of its publication voted for the defendant, while he had a plurality of thirty-eight votes. Neither was there any evidence that any of the persons who read it in the newspaper or heard it discussed had knowledge at the time they cast their ballots that causing it to be published had made the defendant ineligible to be elected as township trustee, or to hold that office, or that anybody whatever, knowing such facts, had voted for him wilfully and defiantly in disregard of the known fact that he was not eligible. And there was no evidence that plaintiff had been guilty of corrupt practices, as alleged in the answer.

The statute provides that: "The election of any person declared elected by popular vote to any office, whether state, county, township or municipal,

1. may be contested by any elector who was entitled to vote for such person." §7597 Burns 1926, §6995 Burns 1914, §4743 R. S. 1881. The stipulation that plaintiff was a candidate for trustee at the township election held on November 7, 1922, in said township, "and that he was a qualified voter of the township" sufficiently established his right to maintain this action, if there was cause for a contest, without reference to whether or not he was, himself, eligible to the office. The statute further provides that such an election "may be contested for any of the following causes; * * *

Second, When the contestee was ineligible." §7610 Burns 1926, §7008 Burns 1914, §4756 R. S. 1881.

And the Constitution of the State of Indiana provides that, "Every person shall be disqualified for holding office during the term for which he may have been elected, who shall have given or offered a bribe, threat or reward to secure his election." Art. 2, §6, Constitution, §94 Burns 1926, §87 Burns 1914.

2. A candidate who is "disqualified for holding office," within the meaning of the Constitution, is "ineligible to said office," within the meaning of the statute. *Carroll* v. *Green* (1897), 148 Ind. 362, 364, 47 N. E. 223; *Tinkle* v. *Wallace* (1906), 167 Ind. 382, 386, 389, 79 N. E. 355.

3. Causing the publication in a newspaper of general circulation in the county where the election was held, of an article purporting to be signed by defendant, as candidate for the office of township trustee, stating that he promised and pledged himself, if elected, to refund to the township $150 per year out of his salary, and to make no charge for office rent, constituted the offer of a "reward to secure his election," within the meaning of the Constitution. It is not material whether it also amounted to the offer of a "bribe" or not. *Prentiss* v. *Dittmer* (1916), 93 Ohio St. 314, 327, 112 N. E. 1021.

It follows that the trial court erred in overruling the motion for a new trial.

4. The record and briefs show that one of the questions presented to the court below, which it assumed to decide, and the question to which much of the argument and citation of authorities in this court are addressed, is whether or not the ineligibility of defendant, who received 178 votes, gives plaintiff the right to take and hold the office of township trustee,

although only 140 votes were cast for him. This question must be answered in the negative.

The established rule in England is that where the electors, having knowledge of facts which make a candidate for a public office ineligible to be elected thereto, and knowledge of the law which renders him ineligible because of those facts, shall wilfully and obstinately persist .in voting for him with notice and knowledge that he is wholly incapable of taking the office because of being ineligible under the law, such acts will amount to a refusal on their part to participate in the election, and the candidate receiving the greatest number of votes cast for any candidate eligible to take and hold the office should be deemed elected. But that, in the absence of proof that the voters wilfully threw away their ballots on a candidate they knew could not lawfully be elected, the mere fact that the one who received the largest vote was ineligible to be elected to the office or to hold it, is not enough to give the candidate who received a less number the right to the office. "The great weight of authority, English and American, is to the effect that votes knowingly cast for a candidate who cannot possibly exercise the functions of the office if elected, are thrown away, and it seems to us that this should be so." *State, ex rel.,* v. *Frear* (1910), 144 Wis. 79, 90, 128 N. W. 1068. This rule has been recognized in the courts of many states in this country, and has been expressly adopted in Indiana. *State, ex rel.,* v. *Ross* (1908), 170 Ind. 704, 707, 84 N. E. 150; *State, ex rel.,* v. *Bell* (1907), 169 Ind. 61, 68, 82 N. E. 69, 124 Am. St. 203, 13 L. R. A. (N. S.) 1013; *Hoy* v. *State, ex rel.* (1907), 168 Ind. 506, 517, 518, 81 N. E. 509, 11 Ann. Cas. 944; *Howes* v. *Perry* (1891), 92 Ky. 260, 17 S. W. 575; *Hanson* v. *Grattan* (1911), 84 Kans. 843, 844, 115 Pac. 646; *People, ex rel.,* v. *Clute* (1872), 50 N. Y. 451, 10 Am. Rep. 508; *Swepston* v. *Barton*

(1882), 39 Ark. 549; *Barnum* v. *Gilman* (1881), 27 Minn. 466, 470, 8 N. W. 375, 38 Am. Rep. 304; *Commonwealth* v. *Cluley* (1867), 56 Pa. 270, 94 Am. Dec. 75; *Sanders* v. *Rice* (1918), 41 R. I. 127, 102 Atl. 914; *Gill* v. *Mayor* (1893), 18 R. I. 281, 282, 27 Atl. 506; *In re Corliss* (1876), 11 R. I. 638, 23 Am. Rep. 538; *State* v. *McGeary* (1897), 69 Vt. 461, 38 Atl. 165, 44 L. R. A. 446; *Dryden* v. *Swinburne* (1882), 20 W. Va. 89, 137; *State, ex rel.,* v. *Frear, supra; State, ex rel.,* v. *Cameron* (1923), 179 Wis. 405, 412, 192 N. W. 374; *Rex* v. *Monday* (1777), 2 Cowp. (Eng.) 530, 98 Reprint 1224; *Rex* v. *Parry* (1811), 14 East (Eng.) 549, 104 Reprint 712; *Rex* v. *Hawkins* (1808), 10 East (Eng.) 210, 103 Reprint 755; *Regina* v. *Coaks* (1854), 3 E. & B. (Eng.) 248, 254, 77 E. C. L. 249, 118 Reprint 1133, 38 Eng. L. & Eq. 304.

In *State, ex rel.,* v. *Ross, supra,* the Supreme Court of Indiana (on page 707) speaking of the rule invoked by the contestor in the case at bar, as above set out, said: "In *State, ex rel.,* v. *Bell, supra,* and also in *Hoy* v. *State, ex rel.* (1907), 168 Ind. 506, this court fully considered the rule which the relator claims sustains his right under the facts to the office in question, and reviewed the decisions of this court which assert and follow the rule for which relator contends. We held in both of the cases mentioned that, in the absence of a showing of notice or knowledge on the part of the electors casting their votes for an ineligible candidate, of his ineligibility or disqualification, the eligible candidate who received the next highest number of votes could not be considered or held to be legally elected. * * * It follows, therefore, that the ruling of the lower court in sustaining the demurrer to the complaint was right, consequently the judgment must be, and is, affirmed."

A few courts have decided that even where the bal-

lots received by the candidate having a plurality of the votes were cast by electors who had notice and full knowledge that the law as applied to facts which they knew to exist made him ineligible, a candidate who received fewer votes than he did could not be declared elected, but that the election must be set aside as void. And other courts have expressed opinions to that effect, when the question was not before them. *Dobbs* v. *Buford* (1907), 128 Ga. 483, 57 S. E. 777, 11 Ann. Cas. 117; *Crawford* v. *Molitor* (1871), 23 Mich. 341; *Sheridan* v. *St. Louis* (1904), 183 Mo. 25, 31, 81 S. W. 1082, 2 Ann. Cas. 480; *Woll* v. *Jensen* (1917), 36 N. D. 250, 253, 162 N. W. 403, Ann. Cas. 1918B 982; *Heney* v. *Jordan* (1918), 179 Cal. 24, 30, 175 Pac. 402; *Crawford* v. *Dunbar* (1877), 52 Cal. 36; *Haggard* v. *People* (1906), 130 Ill. App. 211; *Patten* v. *Haselton* (1914), 164 Iowa 645, 650, 146 N. W. 477; *Wood* v. *Bartling, Mayor* (1876), 16 Kans. 109, 114; *McKinney* v. *Barker* (1918), 180 Ky. 526, 532, 203 S. W. 303, 306, L. R. A. 1918E 581; *Fish* v. *Collens* (1869), 21 La. Ann. 289; *Heald* v. *Payson* (1913), 110 Me. 204, 206, 85 Atl. 576; *Sublett* v. *Bedwell* (1872), 47 Miss. 266, 275, 12 Am. Rep. 338; *Cadle* v. *Town of Baker* (1915), 51 Mont. 176, 185, 149 Pac. 960; *Gardner* v. *Burke* (1901), 61 Nebr. 534, 85 N. W. 541; *State, ex rel.,* v. *Bateman* (1913), 162 N. C. 588, 77 S. E. 768, Ann. Cas. 1915B 515; *Batterton* v. *Fuller* (1894), 6 S. D. 257, 268, 60 N. W. 1071; Mechem, Public Officers §206; Throop, Public Officers §160, *et seq.*; 20 C. J. §267, pp. 207, 208.

In a recent case in Ohio, where the candidate receiving the highest number of votes had published a promise, offering, if elected, to accept a smaller salary than would be legally due, the court said: "The refusal (on declaring the election void) to induct the contestor was proper. The proceeding simply resulted in invalidating the election of the contestee. This did not

invest the contestor with a majority of the legal votes cast." *Prentiss* v. *Dittmer, supra.*

No authorities have been cited, and we know of none, to the effect that a candidate who did not receive the highest number of votes at an election may be declared elected merely because the one who received the most votes was not eligible. And since the evidence in this case failed to show that those voters who cast their ballots for defendant did so with knowledge that he was not eligible for election to the office of trustee, such evidence was not sufficient to establish plaintiff's right to the office, although sufficient to prove that he was a voter of the township and that defendant was "disqualified."

. The judgment is reversed, with directions to sustain the motion for a new trial, and for further proceedings not inconsistent with this opinion.

Willoughby, J., concurs in conclusion reached but not in the reasoning of this opinion.