## COMMONWEALTH vs. FRANK McGURTY.

Suffolk.	November 21. — 22, 1887.	Devens & W. Allen, JJ., absent.

At the trial of an indictment on the St. of 1884, c. 299, § 43, for altering a ballot cast for a certain officer at a municipal election of a city, secondary evidence of the character of the ballot, which has been destroyed by the city clerk, as required by § 26, is admissible.

At the trial of an indictment on the St. of 1884, c. 299, § 43, for altering a ballot cast for a certain officer at a municipal election of a city, if the evidence shows that the ballot came from the ballot-box which was actually used in the election, it is not necessary to show that the ballot has been cancelled by a mechanical device, as provided in § 10 of the statute.

An indictment on the St. of 1884, c. 299, § 43, for altering a ballot cast at a municipal election of a city for Nelson S. Wakefield for a certain office, by " drawing lines and marks across the words and name Nelson S. Wakefield," is sustained by proof that the words and letters " S. Wakefield " only were so erased by the defendant.

A ballot cast, at a municipal election of a city, for a candidate for an office, who is not elected, is a " ballot cast for any officer," within the meaning of those words in the St. of 1884, c. 299, § 43, prescribing a penalty for the fraudulent alteration of such a ballot.

It is no defence to an indictment on the St. of 1884, c. 299, § 43, for altering a ballot cast for a certain officer at a municipal election of a city, that the fraud was discovered, and the ballot was counted and returned for the candidate for whom it was intended to be cast.

INDICTMENT on the St. of 1884, c. 299, § 43,* alleging that the defendant, on December 14, 1886, at Boston, at the annual municipal election of said city, wilfully, maliciously, unlawfully, and with intent to cheat and defraud, altered a ballot then and

---

* " Whoever, with intent to cheat or defraud, alters any ballot cast for any officer at any election held for the choice of public officers, . . . . shall be punished," &c.

there cast for a certain officer, to wit, for Nelson S. Wakefield for alderman of said city, by then and there, with a certain lead pencil, "drawing lines and marks across the words and name Nelson S. Wakefield." Trial in the Superior Court, before *Blodgett*, J., who allowed a bill of exceptions, in substance as follows:

The government called as a witness a police officer named Comee, who testified that he was on duty on December 14, 1886, at precinct one of ward 25, Boston, where the defendant was an inspector; and that the defendant, while in the performance of his duties as such inspector, and while counting ballots, after the close of the polls, with a lead pencil, which he held in his right hand, drew lines and marks upon a certain ballot, over and across a certain letter and word upon said ballot, to wit, the letter and word " S. Wakefield; " and further testified as to the appearance of the ballot after said alleged alteration, and as to the lines and marks over and upon the letter and word " S. Wakefield."

The defendant requested the judge to rule that the witness could not testify as to what he saw the defendant then do, or to the marks or alteration on, or to the appearance of, said ballot after the alleged alteration, without the production of the ballot. The government introduced evidence, which was not controverted, that all the ballots cast at the municipal election in the city of Boston, in December, 1886, were destroyed by the city clerk, in January, 1887, as required by the St. of 1884, c. 299, § 26. The judge refused to rule as requested.

The government introduced other evidence, tending to show that, during the day, and while the polls were open, there were on duty at said precinct the defendant, as an inspector, the warden, named Hibbard, a clerk named Woods, and another inspector named Harris; that when the polls were closed, the ballots were emptied by said officers out of the ballot-box on to a table, for counting; and that the defendant, while counting a pile of ballots, made the alteration charged in the indictment. The defendant requested the judge to rule that there was not sufficient evidence in the case that the ballot alleged to have been altered was " cast," within the intent and purpose of the statute. The judge refused so to rule.

There was evidence in the case that the name or word " Nelson " was not in any way touched or altered by the defendant, but that " S. Wakefield " only was marked over and altered by him. The defendant requested the judge to rule that there was a variance between the proof and the allegation of alteration in the indictment. This request was refused.

The government introduced evidence, which was uncontroverted, that Nelson S. Wakefield was the candidate for alderman at said election from the eleventh aldermanic district of the city of Boston, and was defeated; and there was no other evidence in the case that he held any office. The defendant requested the judge to rule that, on all the evidence in the case, Nelson S. Wakefield was not an " officer," within the intent and purpose of the statute. The judge refused so to rule.

It appeared in evidence, which was uncontroverted, that the warden, Hibbard, ordered that the ballot be, and it was accordingly, counted and returned for Nelson S. Wakefield. The defendant requested the judge to rule that the defendant had committed no crime, within the intent and meaning of the statute. The judge refused so to rule.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*F. Burke*, for the defendant.

*A. J. Waterman*, Attorney General, for the Commonwealth.

C. ALLEN, J. 1. It was impossible to produce the ballot at the trial, because it had been destroyed by the city clerk, as required by the St. of 1884, c. 299, § 26. It is now objected, that such destruction must be deemed to have been the act of the prosecutor, namely, the government, and that therefore the government could not properly be allowed to introduce secondary evidence of what the ballot was. But a destruction of ballots, under this general provision of law, cannot be deemed a wrongful or negligent destruction of a document, or one which involves any fault upon the part of the government or its agents; and the case does not fall within the doctrine, which has sometimes been declared or implied, that a document which has been destroyed through the fault of the prosecutor cannot be proved by secondary evidence. See 3 Greenl. Ev. § 107; *Commonwealth* v. *Snell*, 3 Mass. 82; *Joannes* v. *Bennett*, 5 Allen, 169.

2. It was not necessary to show that the ballot had been cancelled by a mechanical device, as provided in § 10 of the statute. Such cancellation is not essential to insure the counting of a ballot, since § 12 makes provision for the case where a ballot-box containing such mechanical device cannot be furnished. Besides, the evidence showing that the ballot came from the ballot-box which was actually used in the election would warrant the inference that it had been duly cast within the meaning of § 43.

3. The alteration was sufficient to sustain the indictment. If the ballot had been originally cast, with the erasure shown, it could not properly have been counted as a ballot for Mr. Wakefield. The erasure was sufficient to " alter " the ballot, so that the voter's intention would have been defeated if the fraud had not been observed or discovered. The name upon the ballot is to be taken as a whole. If the lines and marks drawn across it were sufficient to show an apparent intention upon the part of the voter to erase the name, so that the ballot would not be counted as a vote for Mr. Wakefield, that is sufficient to support the charge of altering the ballot by drawing lines and marks across the words and name " Nelson S. Wakefield."

4. The objection that the vote for Mr. Wakefield was not a " ballot cast for any officer," because he was merely a candidate for office, and was not elected, cannot prevail. The statute merely uses a short form of expression, and the meaning is not open to doubt; otherwise the statute would only apply to existing officers who might be candidates for re-election. The phraseology of " voting for any officers to be then chosen " is common and familiar in the legislation of this Commonwealth. Pub. Sts. c. 7, § 55. Gen. Sts. c. 7, § 28. See also St. 1884, c. 299, § 41.

5. The fact that the fraud of the defendant did not succeed, and that, by direction of the election officer, the ballot was counted and returned for Mr. Wakefield, cannot avail the defendant in defence to the indictment. The ballot was altered with intent to cheat and defraud, although the fraud was discovered at once.                    *Exceptions overruled.*