COMMONWEALTH *vs.* MICHAEL J. RYAN.

Worcester.　October 5, 1892. — November 25, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Altering Ballot — Evidence — Statute.*

At the trial of an indictment on the St. of 1890, c. 423, § 131, for altering a ballot cast at an annual State election, the ballot, which has not been destroyed by the town clerk, pursuant to § 101, but has been preserved and produced, with the other ballots of the precinct, under an order of the Superior Court, before the grand jury which found the indictment, is admissible in evidence.

FIELD, C. J.　This is an indictment under St. of 1890, c. 423, § 131, charging the defendant with altering a ballot cast for the office of Governor, at the election held in November of the year 1891. The ballot was admitted in evidence, against the objection of the defendant. The ballots of the precinct where this particular ballot was cast had not been destroyed pursuant to § 101 of this chapter, the town clerk having been required by a justice of the Superior Court to produce them before the grand jury which found the indictment. Section 101, c. 423, St. of 1890, was originally enacted in St. of 1876, c. 188, § 1, as amended by St. of 1879, c. 203, and it appears in the same form in Pub. Sts. c. 7, § 34, as in St. of 1890, c. 423, § 101. The §§ 101 and 131, c. 423, St. of 1890, are the same as §§ 26 and 43, c. 299, St. of 1884, under which the decision in *Commonwealth* v. *McGurty*, 145 Mass. 257, was made. In that case the ballots had been destroyed pursuant to the statute, and the court admitted secondary evidence of what was on the ballot. In the case at bar, the ballots having been preserved, the ballot itself was admitted in evidence. It is argued that the words " until the requirements of law have been complied with," found in § 101, c. 423, St. of 1890, refer to the provisions for retaining the ballots where notice is given of an election contest, or an application is filed for a recount under § 103, 104, or 105 of this chapter, and that when the ballots are not retained for these purposes they must be destroyed by the clerk; that the time having expired for retaining the ballots for any of these purposes in the present case, neither

the clerk nor anybody else could be permitted to examine them ; and that therefore the order of the justice of the Superior Court, that the bag of ballots be produced before the grand jury and opened, and the subsequent retention of them by the district attorney, and the production of them at the trial, were each and all in violation of law. The provision of St. of 1890, c. 423, for the preservation or the destruction of the ballots, does not in terms relate to the use of ballots as evidence in judicial proceedings for the punishment of offences against the laws relating to elections. The same chapter contains many offences of this kind, and in the trial of some of them, according to the ordinary course of judicial proceedings, evidence of the contents of a ballot might be relevant and material, and even absolutely necessary. If the true construction of the chapter is in effect that the ballots should not be used as evidence in judicial proceedings, undoubtedly the courts must obey the will of the Legislature, and reject the ballots themselves as evidence, and perhaps also all secondary evidence of their contents. We are, however, of opinion that there is nothing in St. of 1890, c. 423, or in the preceding statutes from which the provisions we are considering were taken, which was intended to affect the rules of evidence in criminal proceedings, or the power of courts to compel the production of the ballots as the best evidence, if proof of what was on the ballots becomes necessary for either the prosecution or the defence. The usual way of securing the production of papers as evidence is by a *subpœna duces tecum* issued in the case, and the court which issues the subpœna can, if necessary, order the papers to be impounded so long as they are needed as evidence. Such a proceeding would require the detention of only the particular ballot admissible in evidence, and would seem to be adequate. Whether the process used in this case for obtaining the production of the ballot before the court was the proper one, we need not consider; for if it were not, it does not affect the question of the admissibility of the ballot as evidence. If the statute intended to prohibit the examination of the ballots for the purpose of obtaining evidence in support or defence of a criminal charge, then it would not be competent for any court to order them to be produced for that purpose by any process; but if the statute does not so intend,

then a ballot which would otherwise be admissible as evidence cannot be rejected because it has not been brought before the court by the appropriate process. *Commonwealth* v. *Dana,* 2 Met. 329.

The remaining exception was waived at the argument.

*Exceptions overruled.*

*W. S. B. Hopkins,* for the defendant.
*F. A. Gaskill,* for the Commonwealth.