ROBERT E. GREENWOOD & another *vs.* BOARD OF REGISTRARS OF VOTERS OF FITCHBURG & another.

Worcester. February 7, 1933. — February 15, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Elections. General Court. Jurisdiction. Constitutional Law*, General Court, Separation of powers. *Mandamus. Supreme Judicial Court*, Jurisdiction, Moot case. *Evidence*, Matters of common knowledge, Judicial notice.

Under c. 1, § 3, art. 10, and c. 1, § 3, art. 11, of the Constitution of the Commonwealth, the House of Representatives has exclusive jurisdiction to pass upon the election and qualification of its members.

It was a matter of common knowledge, of which this court took cogniz-
ance, that there had been presented to the House of Representatives
a certificate showing the election of a certain candidate to it; that
the unsuccessful candidate had taken steps to contest the election;
and that the House of Representatives was proceeding toward a final
determination of the election.

In such circumstances, this court, upon a reservation and report by a
single justice of a petition for a writ of mandamus by the unsuccessful
candidate, with findings that the election of the successful candidate
had been brought about by improper changes in certain ballots after
their deposit by the voters, could not grant to the petitioner relief
sought by him by way of ordering the registrars of voters in question
to count the ballots in accordance with the facts so found, of order-
ing the successful candidate to surrender the certificate of election
previously issued to him, of ordering the issuance of a new certificate
showing the election of the petitioner, and of declaring that the peti-
tioner was elected and that the candidate certified as elected was not
elected.

Questions raised by the petitioner in the proceedings above described
as to the regularity of the issuance of the certificate of election to the
successful candidate and other cognate matters had become moot.

PETITION for a writ of mandamus, filed in the Supreme
Judicial Court for the county of Worcester on November
18, 1932, by Robert E. Greenwood and John J. Gilmartin
against the board of registrars of voters of the city of
Fitchburg and the city clerk of Fitchburg.

Louis N. M. DesChenes and Henry A. Estabrook were
permitted to intervene as respondents. Certain of the
prayers of the petition, as amended, were as follows:

"1. That a writ of mandamus may issue . . . directing
and commanding the said board of registrars of voters of
the city of Fitchburg to count said disputed ballots in such
a manner as to give effect to the manifest intent of the
voter as it appears . . . [thereon] prior to any alteration,
erasure or mutilation thereof, and to tabulate said votes in
accordance with said count, and to make and sign a state-
ment of the questions raised by the application for a recount
of the votes cast for representatives in accordance there-
with and to return the said statement to the city clerk.

"2. That the court issue an order directing and com-
manding the respondent city clerk to alter and amend his
records in accordance with the revised statement by the
board of registrars of their determination of the questions

raised on said recount so that his records as so amended shall stand as the true records of said election."

"4. That the court issue a peremptory writ of mandamus, commanding the intervenor, Louis N. M. DesChenes, to desist from pretending to be a duly elected representative to the General Court from the Eleventh Worcester District, and commanding him to refrain from usurping the office of representative to the General Court from the Eleventh Worcester District, and performing or attempting to perform its duties.

"5. That the court issue a peremptory writ of mandamus declaring the petitioner, John J. Gilmartin, to have been duly elected as representative to the General Court from the Eleventh Worcester District at the election held on November 8, 1932, and declaring that the intervenor, Louis N. M. DesChenes, was not elected to the office of representative to the General Court from the Eleventh Worcester District at the election held on November 8, 1932.

"6. That the court issue a peremptory writ of mandamus commanding the intervenors, Louis N. M. DesChenes and Henry A. Estabrook, and each of them, to forthwith deliver up to the respondent . . . [city clerk], the original certificates, or purported certificates, of their election to the General Court, as representatives from the Eleventh Worcester District, which were issued to them and each of them, by said . . . [city clerk], on or about November 17, 1932, and on or about December 23, 1932.

"7. That the court issue a peremptory writ of mandamus that upon the result of the election, as indicated by the returns which have been amended in accordance with this petition, having been declared by the council of the city of Fitchburg in the manner set forth in G. L. c. 54, § 137, that the respondent . . . [city clerk] forthwith notify the Secretary of the Commonwealth to the effect that the petitioner, John J. Gilmartin, and the intervenor, Henry A. Estabrook, have been duly declared elected as representatives to the General Court from the Eleventh Worcester District, at the election held on November 8, 1932, and that said . . .

[city clerk] forthwith issue to said petitioner, John J. Gilmartin, and to said intervenor, Henry A. Estabrook, certificates of their election as representatives, in the manner required and provided for by law.

"8. That the court issue a peremptory writ of mandamus commanding the respondent . . . [city clerk] to forthwith notify the Secretary of the Commonwealth that the intervenor, Louis N. M. DesChenes, was not duly elected as representative to the General Court from the Eleventh Worcester District, at the election held on November 8, 1932, and that the petitioner, John J. Gilmartin, was elected as representative to the General Court from the Eleventh Worcester District, at said election."

The petition was referred to an auditor, and afterwards was heard by *Donahue,* J., upon the auditor's report and additional evidence. Material findings are stated in the opinion. The case was reserved and reported by the single justice for determination by the full court. The record did not show that the certificate of election issued to the intervening respondent DesChenes had been presented to the House of Representatives, or that the petitioner had taken steps to contest the election of said respondent, or that the matter of such election was under consideration by a committee of the House of Representatives.

*E. W. Baker,* (*S. M. Salny* with him,) for the petitioners.

*T. K. Ware,* (*E. H. Dudley* with him,) for the intervening respondents.

RUGG, C.J. This is a petition for a writ of mandamus. As the issues now stand the case relates to a recount of votes cast at the State election held on November 8, 1932, respectively for John J. Gilmartin, hereafter called the petitioner, and Louis N. M. DesChenes, who has been permitted to intervene and who will be hereafter called the intervenor. These two were rival candidates for election as one of the two representatives to the General Court from the Eleventh Worcester District, made up of certain wards in the city of Fitchburg and of the town of Lunenburg. The result of the original count of these votes showed that the intervenor was elected. On November 16, 1932, there

was a recount of the ballots cast in the city of Fitchburg. The result of that recount, in combination with the votes cast in the town of Lunenburg which were not recounted, also showed that the intervenor was elected. Certificate of his election under date of November 8, 1932, was issued on November 17, 1932, signed among others by the city clerk. Another similar certificate was issued on or about December 20, 1932. The original of each certificate was sent to the Secretary of the Commonwealth and a copy was sent or delivered to the intervenor. The present petition was filed on November 18, 1932. Hearings were had on it before an auditor and before a single justice wherein certain facts have been found, based chiefly on comparison of the markings and erasures on certain ballots, to the effect that at some time before thirty-seven minutes past five o'clock in the forenoon of the day following the election certain crosses were made, after the ballots had been deposited, on some of the ballots by a person other than the voters who marked and deposited the ballots and that these crosses were made for the purpose of aiding by fraud in procuring for the intervenor election to the office of representative in the General Court; and that enough ballots were so marked to change the result of the election, according to the findings made, and to show that the petitioner and not the intervenor was elected as representative to the General Court.

On January 10, 1933, final findings of fact were made and the case was reserved upon the facts found for determination by the full court. It came on for argument before us on February 7, 1933.

In the meantime the General Court convened on January 4, 1933. By reason of the notoriety attaching to events of such public interest, it has become matter of general knowledge, of which the court take cognizance, that the certificate issued showing the election of the intervenor has been presented to the House of Representatives (G. L. [Ter. Ed.] c. 3, §§ 1, 2; c. 54, §§ 128, 129, 135), and that the petitioner has taken action to contest the election of the intervenor, that before a committee of the House of Repre-

sentatives hearings have been held, witnesses have testified and arguments have been made, and that the subject is now being considered by the committee.

It is provided by the Constitution of the Commonwealth, c. 1, § 3, art. 10: "The house of representatives shall be the judge of the returns, elections, and qualifications of its own members, as pointed out in the constitution . . . ." It is also provided by c. 1, § 3, art. 11: "And the senate and house of representatives may try, and determine, all cases where their rights and privileges are concerned, and which, by the constitution, they have authority to try and determine, by committees of their own members, or in such other way as they may respectively think best." Jurisdiction to pass upon the election and qualification of its own members is thus vested exclusively in the House of Representatives. "No other department of the government has any authority under the Constitution to adjudicate upon that subject. The grant of power is comprehensive, full and complete. It is necessarily exclusive, for the Constitution contains no words permitting either branch of the Legislature to delegate or share that power. It must remain where the sovereign authority of the State has placed it." *Dinan* v. *Swig*, 223 Mass. 516, 517. The House of Representatives is "thus made the final and exclusive judge of all questions, whether of law or of fact, respecting such elections, returns or qualifications, so far as they are involved in the determination of the right of any person to be a member thereof." *Peabody* v. *School Committee of Boston*, 115 Mass. 383, 384.

It is manifest from the facts already stated that the House of Representatives is exercising its jurisdiction over the entire subject of the returns, election and qualification of the member entitled to sit for the Eleventh Worcester District as between the petitioner and the intervenor as rival claimants, and that it is proceeding to a final determination of that subject.

The petitioner contends that this court should nevertheless order that the respondents, the registrars of voters, count the ballots in conformity to the facts as found on this

record, that certificate be issued in accordance with such recount, and that the intervenor surrender the certificate of election previously issued to him. This contention cannot be supported. The certificate to the effect that the intervenor has been elected was seasonably issued, presented to the House of Representatives, and has served its purpose in connection with the contest by the petitioner of directing the attention of the House of Representatives to the question whether the intervenor is entitled to be declared a representative. The case at bar is distinguishable from *Madden* v. *Election Commissioners of Boston,* 251 Mass. 95. In that case the respondents had done the utterly futile act of issuing a certificate to the effect that a man, who to the general knowledge of everybody concerned had died before the day of election, had been elected. Such certificate was an absolute nullity as matter of law. It was the ministerial duty of the respondents to issue a certificate that that petitioner on indisputable facts had been elected. The court ordered the respondents to perform that ministerial duty. In so doing, however, it was carefully pointed out that the adjudication did "not trench in any degree upon the constitutional prerogative vested exclusively in the House of Representatives" by the article in the Constitution already quoted. The case at bar also is distinguishable from *Swift* v. *Registrars of Voters of Quincy,* 281 Mass. 271, and the numerous cases there reviewed for reasons too plain to require discussion.

It is unnecessary to determine questions raised by the petitioner as to the regularity of the issuance of the certificate to the intervenor. That and all cognate matters at this stage have come within the jurisdiction of the House of Representatives. The decision of such questions has become moot so far as this court is concerned and therefore any decision would be nugatory or unavailing. *Sullivan* v. *Secretary of the Commonwealth,* 233 Mass. 543. It is not necessary to consider other questions which have been argued. The result is that the order must be

*Petition dismissed.*