LAURENCE H. BANKS *vs.* ELECTION COMMISSIONERS OF
BOSTON & another
(and two companion cases[1]).

Suffolk. March 6, 1951. — June 15, 1951.

Present: QUA, C.J., LUMMUS, SPALDING, & COUNIHAN, JJ.

*Elections. Boston. Jurisdiction,* Elections. *Municipal Corporations,*
City council. *Mandamus. Practice, Civil,* Report; Findings by judge;
Waiver; Exceptions: waiver. *Supreme Judicial Court,* Argument.
*Waiver. Words,* "Member."

Prior to the issuance of a certificate of election by the board of election
commissioners of Boston in a contested election to the office of city
councillor, there was jurisdiction to entertain a mandamus proceeding
to direct the board how to count certain protested ballots, to amend
its records accordingly and to issue a certificate of election to the
proper person; the provision of St. 1909, c. 486, § 50, as amended by
St. 1924, c. 479, § 15, that the "city council shall be the judge of the
election and qualifications of its members," was inapplicable.

Findings by a judge in a mandamus proceeding as to the intent of the
voters in marking certain protested ballots at a municipal election
could not be said to be erroneous as matter of law on the evidence and
therefore must stand on a report under G. L. (Ter. Ed.) c. 213, § 1B,
inserted by St. 1939, c. 257, § 1.

Upon findings in a mandamus proceeding arising out of a municipal elec-
tion in which the petitioner and an intervener were rival candidates,
that an election official, after ballots had been cast by the voters,
"had an opportunity to mark crosses other than those" originally
placed thereon by the voters, and "did mark crosses on [certain pro-
tested] ballots opposite the name of the intervener, which ballots
. . . had originally been marked with the intention of voting for the
petitioner," the judge correctly ordered respondent election com-
missioners to count such protested ballots for the petitioner.

An exception saved at a trial and mentioned in the brief filed in this
court by the excepting party, but not argued in the manner provided
by Rule 2 of the Rules for the Regulation of Practice before the Full
Court (1939), was treated as waived notwithstanding an assertion in
the brief that the party did not waive it but "especially" claimed it.

This court did not take notice of an order of the Boston city council indi-
cating proposed action by it to determine for itself who was the duly

---

elected councillor from a certain ward where the council had not yet received a certificate of election from the board of election commissioners of the city.

Purported reports by a judge of the Superior Court, without decision, of a certiorari case and a mandamus case upon the petitions, demurrers of the respondent, and pleas and answers of an intervener, were irregular and were dismissed.

PETITION for a writ of mandamus, filed by Laurence H. Banks in the Supreme Judicial Court for the county of Suffolk on November 30, 1949, and transferred to the Superior Court. Also

PETITIONS for a writ of certiorari and for a writ of mandamus, filed in the Superior Court on December 23, 1949, by Daniel F. Sullivan.

The cases were heard by *Baker*, J.

*J. W. Kelleher*, Assistant Corporation Counsel, for the election commissioners of Boston.

*M. S. Heaphy*, (*G. Fingold & L. H. Banks* with him,) for Banks.

*W. F. A. Graham*, for Sullivan.

COUNIHAN, J. We have here three cases arising out of a contest in a municipal election held on November 8, 1949, between Laurence H. Banks, hereinafter referred to as the petitioner, Daniel F. Sullivan, and others for the office of councillor of the city of Boston from Ward 9, for the years 1950–1951. It is agreed that the returns of the election officers following the election showed these results, so far as here material,

| | |
|---|---|
| Mr. Banks | 4,341 votes |
| Mr. Sullivan | 4,363 votes |

It is agreed that as a result of a recount requested by the petitioner, G. L. (Ter. Ed.) c. 54, §§ 134, 135, as amended, the board of election commissioners of the city of Boston, hereinafter called the board, determined the result to be

| | |
|---|---|
| Mr. Banks | 4,371 votes |
| Mr. Sullivan | 4,377 votes |

On November 30, 1949, the petitioner brought the first petition, in which he seeks a writ of mandamus ordering the board to count for him twenty-three or more ballots which he protested at the recount and which had been counted by the board as blank votes, and also to disallow certain ballots allegedly counted incorrectly for Mr. Sullivan, and to amend its records accordingly. G. L. (Ter. Ed.) c. 249, § 5, as amended by St. 1949, c. 176. In this case the board filed a demurrer and an answer. Mr. Sullivan, who was allowed to intervene, also filed a demurrer and an answer. He is hereinafter called the intervener. After a hearing on the merits, the judge on January 3, 1950, entered an "Order for issuance of writ of mandamus" in favor of the petitioner substantially as prayed for. On the same day the judge overruled the demurrers of the board and of the intervener.

On December 23, 1949, Mr. Sullivan brought the second and third petitions, one for a writ of certiorari and the other for a writ of mandamus, both in effect seeking to have the board issue a certificate of election to him. In each of these cases Mr. Banks was allowed to intervene and he filed pleas in bar and answers. The board demurred to each petition. The pleas are in substance that another action is pending for the same cause and will be treated by us as pleas in abatement.

On November 14, 1950, the judge at the request of the board reported the first case to this court "upon the pleadings, the evidence, my rulings and exceptions thereto, and my findings of fact and order for judgment." G. L. (Ter. Ed.) c. 213, § 1B, inserted by St. 1939, c. 257, § 1. At the same time he also, without decision, sought to report the second and third cases upon the petitions, the demurrers of the board, and the pleas and answers of Mr. Banks. The evidence in the first case is reported and in his order of January 3, 1950, the judge made findings of facts. G. L. (Ter. Ed.) c. 213, § 1B, inserted by St. 1939, c. 257, § 1. See G. L. (Ter. Ed.) c. 231, § 111.

On the advice of the law department of the city of Boston no certificate of election has been issued to either Mr.

Banks or Mr. Sullivan. It is conceded that there was no misconduct on the part of the board. Because of § 48 of the charter of the city, St. 1909, c. 486, as amended by St. 1924, c. 479, § 14, Mr. Sullivan sits as a member of the city council as an incumbent holding over until the election and qualification of his successor.

We shall first consider the petition of Mr. Banks.

The demurrers of the board and of the intervener were properly overruled. The only ground set forth in the demurrers which merits our attention relates to the jurisdiction of the court because of St. 1909, c. 486, § 50, as amended by St. 1924, c. 479, § 15, which in part reads, "The city council shall be the judge of the election and qualifications of its members." We are of opinion that the court had jurisdiction. It is clear, and no suggestion has been made to the contrary, that by St. 1895, c. 449, § 4, the board has all the powers and duties relating to "the determination of the results of elections." Therefore, until the board determines such results and issues a certificate to one whom it has determined to have received the vote necessary for election, there does not exist anyone who is a "member" whose election and qualifications the city council may judge. See *Strong, petitioner,* 20 Pick. 484, 496. Up to the point that a certificate has been issued, at least, the matter is in control of the court, which may in proper proceedings direct the board to whom to issue the certificate. An adjudication to this effect does not trench upon the prerogatives of the legislative body. *Madden* v. *Election Commissioners of Boston,* 251 Mass. 95, 102. *Greenwood* v. *Registrars of Voters of Fitchburg,* 282 Mass. 74, 80.

The board and the intervener argue that the court is without jurisdiction because of *Peabody* v. *School Committee of Boston,* 115 Mass. 383. But an examination of the original papers in that case discloses that the petitioner there had been furnished a certificate of election by the proper authority and had presented such certificate to the school committee. In these circumstances it was correctly held that the school committee was the judge of the election

and qualifications of its members. The judgment of the committee that the petitioner was not qualified, because as a woman she was ineligible, was sustained. In *Greenwood* v. *Registrars of Voters of Fitchburg*, 282 Mass. 74, 78, also relied upon by the board and the intervener, there was likewise a proper certificate of election.

We now consider the first case on the merits. It is properly here upon a report of the judge. G. L. (Ter. Ed.) c. 213, § 1B, inserted by St. 1939, c. 257, § 1. This is a proceeding at law and the rule is that "the findings of fact must stand if as matter of law susceptible of being supported on any rational view of the evidence. They cannot be reviewed or revised. The only question is whether as matter of law they must be reversed." *Swift* v. *Registrars of Voters of Quincy*, 281 Mass. 271, 284. The decision of the judge as to the intent of the voters on the protested ballots appears to be close and difficult. It was largely predicated upon the testimony of a competent expert and the judge's inspection of the ballots in addition to his observations and opportunity to see and hear the witnesses. It cannot be overturned. *Andrews* v. *Registrars of Voters of Easton*, 246 Mass. 572, 576–577. See *Medeiros* v. *Fellsway Motors, Inc.* 326 Mass. 656, 657.

The judge found that, of the 34 disputed ballots before him, 22 should have been counted for the petitioner, 11 for the intervener, and 1 blank. It is true that G. L. (Ter. Ed.) c. 54, § 106, reads in part, "If a voter marks more names than there are persons to be elected to an office, or if his choice cannot be determined, his ballot shall not be counted for such office." The judge found, however, that here an election official "had an opportunity to mark crosses other than those placed on the ballots by the persons who originally marked and cast them, and did mark crosses on ballots opposite the name of the intervener, which ballots I find had originally been marked with the intention of voting for the petitioner." Having, as it were, stricken the illegal markings from the ballots, the intention of the voter became clear in

each instance so that the judge was correct in ordering that these ballots be counted for the petitioner.

As a result of his findings the total vote for the petitioner was 4,393 and that for the intervener 4,388. He was therefore right in ordering the board to issue an election certificate to the petitioner after its records had been amended in accordance with his findings. See *Commonwealth* v. *McGurty*, 145 Mass. 257, 260.

For the purposes of this case we need not decide what limitations, if any, are imposed upon the city council acting under St. 1909, c. 486, § 50, as amended.

The intervener excepted to the refusal of the judge to permit him to introduce ballots protested at the recount other than those offered by the petitioner. While this exception is mentioned in his brief, he does not argue it in the manner provided by Rule 2 of the Rules for the Regulation of Practice before the Full Court (1939), 303 Mass. 678. It must therefore be treated as waived. *Boston* v. *Dolan*, 298 Mass. 346, 355–356. An examination of the questions saved, however, discloses no miscarriage of justice requiring correction for there is nothing to indicate whether these ballots would have been counted for the petitioner or the intervener. For aught that appears, these ballots might necessarily have had to be counted for the petitioner. In this connection it may be noted that it avails the intervener nothing to assert in his brief that "The fact that the intervener . . . does not argue or refer to other exceptions taken at the trial, or errors of law in this brief, or fails to do so at the time of the argument is not to be taken to mean that he has waived the same but he especially claims the same as if he had set forth the same and argued them fully before this court." Matters not specifically argued in a brief need not be considered by this court. *Boston* v. *Dolan*, 298 Mass. 346, 355–356. *Richmond* v. *Stanzler*, ante, 62, 63–64. *Drain* v. *Brookline Savings Bank*, ante, 435.

All exceptions argued by the intervener in his brief have been considered by us and we find no error.

For the first time at the argument before us there was

presented by counsel for the intervener what purported to be a certified copy of an order of the city council dated January 30, 1950, indicating proposed action by the city council to determine for itself who is the duly elected councillor from Ward 9 for 1950–1951. Necessarily because of its date this could not have been presented to the judge as an exhibit. We can give it no consideration. But the intervener argues that we should take notice of it as an event of public interest because of what was said in *Greenwood* v. *Registrars of Voters of Fitchburg,* 282 Mass. 74, 78–79. There, however, a certificate had been presented to the House of Representatives and proceedings had already been started before a committee of the House, and the court would not interfere. That is not the situation here. We are of opinion that the city council could take no action until it had received a certificate of election from the board.

The petitions of Mr. Sullivan come before us upon a purported report of the judge at the request of one of the parties without decision by him. The report is irregular. *Moore* v. *Election Commissioners of Cambridge,* 309 Mass. 303, 305. The report must be dismissed.

In view of the fact, however, that these petitions have been argued here and still remain for action in the Superior Court, we deem it appropriate to say that these petitions for certiorari and for mandamus were not brought until after the trial of Mr. Banks's mandamus case in which Mr. Sullivan had intervened and in which he had a full opportunity to present all pertinent issues and by proper methods to bring them to this court if he saw fit. We discover no occasion for starting all over again. Moreover, the judgment hereinafter ordered in Mr. Banks's original case will, as soon as entered, make these issues res judicata, and in any event it would be a sound exercise of judicial discretion in the circumstances to dismiss Mr. Sullivan's petitions.

In the first case a writ of mandamus should issue ordering the board to count the votes as determined by the judge, and after amending its records, to issue a certificate of election to the petitioner Laurence H. Banks as the duly elected

councillor from Ward 9 in the city council of Boston for the years 1950–1951.

In the second and third cases the entry will be: Report dismissed.

*So ordered.*