Emmett J. Schnepp, J.
The petitioner has been certified by the Board of Elections, constituting the County Board of Canvassers of the County of Monroe, as duly elected at the general election held on November 4, 1969, to the office of Councilman at Large for the City of Rochester. His term of office begins on January 1, 1970. In this article 78 of the CPLR proceeding, which is in the nature of prohibition and mandamus, petitioner seeks to prohibit the respondent Council of the City of Rochester (hereafter referred to as Council) from taking any action to inquire into this election and qualification to serve as a City Councilman, and also to require the City Clerk, respondent, to accept his constitutional oath of office. The inquiry in question *634 was authorized by a resolution, adopted by Council on November 25,1969, which provides as follows:
Resolution No. 69-94:
1 ‘ resolved, that pursuant to Section 5-7 of the Charter of the City of Rochester which provides that the Council ‘ is the judge of the election and qualification of its members ’ that the Council shall meet as a Committee of the Whole under the Chairmanship of the Chairman of the Law Committee for the purpose of conducting an inquiry into the election and qualification of Michael W. Roche to serve as a City Councilman, which said inquiry shall take place Wednesday, December 3 at 7:30 p.m. in the Council Chambers; and be it further
“ resolved, that the Chairman and the Committee of the Whole shall have the powers conferred by Sections 6 and 7 of Article 2, and Section 20, Subdivision 21 of Article 2-A of the General City Law of the State of New York, and the Charter of the City of Rochester; and be it further
“ resolved, that pending the determination of the Council, the City Clerk is hereby directed to refuse to accept the constitutional oath of office of Michael W. Roche as required by Section 2-11 of the Charter.”
Mr. Justice Jacob Ark of this court by a written decision denied an application to vacate a stay previously granted by him, which enjoined Council from taking any action pursuant to such resolution and from conducting such inquiry pending the hearing and determination of the application herein. It is conceded that no triable issue of fact exists.
Section 5-7 of such Charter, which provides that the Council ‘1 is the judge of the election and qualification of its members ’ ’, relates to the incoming Council. The legislative body to which a member is elected has the power to judge the election and qualification of its members, not the body in office at the time of the election. (3 McQuillin, Municipal Corporations [3d ed.], § 12.93; Kluemper v. Zimmer, 240 Ky. 225.) No Council may sit in judgment of the qualification of members elected to a succeeding Council. Otherwise, the orderly transition of government could be obstructed, the will of the voters frustrated and public officers perpetuated in office. Accordingly, it is held that the present Council, of which petitioner is not a member, is without jurisdiction to judge his election and qualification.
The position is taken by the Corporation Counsel that there is no intent to determine the election and qualification of petitioner, and that the inquiry was called solely to investigate a ‘‘ matter of concern to the city or its inhabitants ” (General *635 City Law, § 20, subd. 21), in order to make its findings available to the incoming Council, and therefore the court may not intrude into the internal affairs of Council and its right to investigate any matter it may determine.
These contentions are without merit. In the first place the intent of Council may be gained from the language of the resolution, which on its face is clear and unambiguous. The whole resolution is based directly on and made “ pursuant to ” section 5-7 of the Charter, which provides that Council ‘ ‘ is the judge of the election and qualification if its members ”. This reference is deemed to have been inserted for the sole purpose of specifying the authority for and the objective of the inquiry. If the end in view were not to make a determination, it would be illogical to direct the City Clerk ‘1 to refuse to accept the constitutional oath of office * * * pending the determination of the Council ”. On the other hand, if we are to assume, as it is now asserted, that there is no intent to judge the election and qualification of petitioner, an inquiry into his election and qualification is gratuitous and without purpose or meaning. It having been determined by the court that Council is without authority to judge nonmembers of its body, there is nothing to which an inquiry may be related or co-ordinated. The power to judge in this case and the power to investigate go hand in hand, and without the power to judge there is no matter of concern to investigate, and it is not within the operative function of Council to do the act sought to be prohibited. (Miller v. Tayntor, 170 App. Div. 126.) The sections of the General City Law specified in the resolution are related to the powers to be exercised by the Chairman and Committee in conducting such inquiry.
In any event, the power to investigate is not without limitation, and as the court said in Matter of Dairymen’s League Co-op. Assn. v. Murtagh (274 App. Div. 591, 596): “ The courts will be quick and firm to halt the employment of the power to investigate for irrelevant, illegitimate or oppressive purposes ”. Accordingly, it is found that Council is proceeding or is about to proceed without or in excess of its jurisdiction and petitioner is entitled to judgment prohibiting the action by Council as described in such resolution. (See unreported decision herein, Ark, J., Dec. 3, 1969; CPLR 7803, subd. 2; CPLR 7806.)
With respect to the direction to the City Clerk to refuse to accept petitioner’s oath of office, section 2-11 of the Charter of the City of Rochester provides that 11 every officer before entering his duties, must file with the city clerk the constitutional oath of office ”, and further that the office is deemed *636 vacant in the event such oath is not filed within 15 days after the commencement of an elective term of office. A certificate of election having been issued to petitioner, he is a member elect of the incoming Council and upon his taking and filing the constitutional oath of office, he is prima facie entitled to the office of Councilman at Large, at least until his election is set aside. (62 C. J. S., Municipal Corporations, § 390; Trunick v. Town of Northview, 80 W. Va. 9.) While the eligibility and qualification of petitioner may be challenged directly by appropriate legal remedies, which are available and may be utilized for such purpose, such issue is not before the court at this time. Petitioner having been certified as duly elected, the City Clerk has no right to refuse to accept his oath for filing. No question of judgment or discretion is present and the City Clerk must comply with the plain command of the Charter. This is a purely ministerial and nondiscretionary act on the part of the City Clerk, which an article 78 proceeding in the nature of mandamus may compel.
It is permissible to infer, based upon the direction by Counsel to the City Clerk, that he would refuse to file petitioner’s oath, if offered to him. Under these circumstances and in view of the time limits prescribed by the 'Charter and the findings of the court here, it is held that an express demand and refusal is not a prerequisite to the issuance of a mandamus order. (People ex rel. O’Brien v. Cruger, 12 App. Div. 536.)
Accordingly, it is ordered, that the respondent Council, individually, or as the present Council of the City of Bochester, or as a Committee thereof, is prohibited from taking any action to inquire into the election and qualification of petitioner as Councilman at Large of the Council of the City of Bochester, and it is further ordered that John L. Coecia, City Clerk, is directed to accept the constitutional oath of office of petitioner, when offered for filing.