**Conrad B. MILLER and Lowell P. Jenkins, Appellants,**

**v.**

**NORTH POLE CITY COUNCIL and City Clerk, Appellees.**

**No. 2170.**

Supreme Court of Alaska.

March 18, 1975.

John Rosie, Fairbanks, for appellants and cross-appellees.

Barry W. Jackson, Daniel T. Saluri, Fairbanks, for appellees and cross-appellants.

Before RABINOWITZ, C. J., and CONNOR, ERWIN, BOOCHEVER and FITZGERALD, JJ.

BOOCHEVER, Justice.

This appeal arises out of the denial by the City Council of the City of North Pole of appellants' declaration of candidacy for City Council positions. On October 15, 1973, appellants Miller and Jenkins tendered their declarations of candidacy, along with the $5.00 filing fee, to the North Pole City Clerk who accepted the tender. The declarations were then taken to the City Council, and in a special pre-election meeting held on October 17, 1973,[1] the City Council rejected appellants' declarations of candidacy and disallowed the placing of appellants' names on the ballot for the upcoming election on the ground that appellants failed to satisfy the residency requirements of the North Pole Home Rule Charter Section 2.2(a).[2] On October 18, 1973, a certified letter was mailed to both Miller and Jenkins informing them of the Council's actions.

In a complaint filed on October 23, 1973, Miller and Jenkins sought a declaratory judgment to have themselves declared residents of the City of North Pole. They also sought to have declared invalid the action of the City Council in rejecting their declarations of candidacy, and in designating City Council seats as Seats A, B & C. Shortly thereafter, appellants herein filed a motion for a temporary restraining order which was denied in a hearing held on November 2, 1973. In denying the motion, the court relied on the failure of plaintiffs Miller and Jenkins to show that irreparable harm would result if the restraining order did not issue. The election went ahead as scheduled on November 6, 1973 with Miller and Jenkins receiving a substantial number of write-in votes. On November 26, Miller and Jenkins sought a preliminary injunction to prevent those elected in the recent election from taking office. The preliminary injunction was denied on November 29, 1973, the superior court ruling that granting the injunction would be more harmful than denying it.

The case came to trial on December 20, 1973. Plaintiffs Miller and Jenkins called two witnesses, both of whom testified to plaintiffs' respective voter registration addresses. One of the witnesses, the North

1. The minutes of the meeting were as follows: A special meeting was held on October 17, 1973, called for by the City Council, for the purpose of determining the qualifications of the six candidates who filed for councilmen seats in the upcoming City of North Pole City Elections to be held on November 6, 1973. At this time information was brought forward that Mr. C. B. Miller and Mr. Lowell Jenkins do not meet the residency requirements. Because of this a motion was made by Mr. Cunningham, seconded by Mrs. Ford that Mr. Jenkins and Mr. Miller's names be omitted from the ballot on the ground of violation of Chapter 2, Sec. 2.2, Paragraph (a) of the City of North Pole Home Rule Charter as they are not and have not been residents of the City as required therein. Roll call vote showed unanimous approval.
These minutes were subsequently amended in a regular meeting held on November 5, 1973. Minutes of special meeting of October 17, 1973. Mr. Jackson asked if it was the finding of the city council that Mr. Jenkins and Mr. Miller do not in fact meet the residency requirements. He stated that he would like the minutes to show that it was determined to the council's own satisfaction that they do not meet the residency requirements. Mrs. Ford made a motion to accept the minutes of October 17th, as amended, seconded by Mrs. Lewis and roll call showed unanimous approval.

2. Section 2.2(a) of the Home Rule Charter states:
   To be eligible to file a nominating petition for election to a City office, a person shall be an elector of the City and shall have been a resident of the City or of territory annexed to the City, or shall have had a combination of residence in the City and in the annexed territory for a period of not less than two (2) years preceding the date of the filing of such petition and shall be at least twenty-one (21) years of age.

Pole City Clerk, testified that Mr. Miller had registered to vote in and had signed the voter sign-in sheet in North Pole municipal elections since 1969. The City Clerk further testified that Mr. Jenkins had registered to vote and signed the voter sign-in sheet in the 1969 and the 1971 through 1973 North Pole municipal elections.

On January 11, 1974, Judge Taylor signed defendants' proposed findings of fact and conclusions of law to the effect that the City Council acted within its authority in excluding plaintiffs' names from the ballot and that, at trial, the plaintiffs had failed to prove residency within the City of North Pole for the requisite period. The trial court further concluded that since neither plaintiff was qualified to run for office in the election at issue, neither had standing to question the designation of seats on the ballots used therein. Judgment was entered for defendants on January 23, 1974, and attorney's fees in the amount of $750.00 were awarded to defendants. Miller and Jenkins appeal from this judgment, and the City of North Pole and the City Clerk dispute the attorney's fee award on cross-appeal.

■ Before proceeding to a consideration of the issues presented by the parties to this appeal, we must first deal with the question of mootness. Concerning the designation of seats on the ballot, appellants informed the court at oral argument that the City of North Pole has changed the ballot structure so that seats are no longer designated and candidates now run at large. Since this is the result which appellants wished to achieve by court action, we consider the seat designation no longer before us. Also, as admitted by appellants at oral argument, the case is also moot regarding appellant Jenkins since he died subsequent to the 1973 election and the proceedings below. However, the case is not moot as to Miller. Nor is mootness a bar to our review of the question concerning the City Council's authority to pass on the qualifications of candidates in pre-election meetings. We have previously recognized an exception to the mootness doctrine where it application would remove from judicial review recurring problems in which there is a public interest.[3] The issue pertaining to the City Council's authority comes squarely under that exception.

■ In determining that the City Council acted within its authority in denying appellants' declarations of candidacy in a pre-election special meeting, the trial court relied on Home Rule Charter § 2.2(c)[4] and Ordinance § 7–38(d).[5] We find this reliance misplaced. Each of these provisions empowers the City Council to decide all questions as to the qualifications and election "of its *members*" (emphasis added). Logically, a person cannot be a member of the Council until he or she has been elected. Since Ordinance § 7–38(d) and Home Rule Charter § 2.2(c) authorizes the City Council to judge the election and qualifications of its members, these provisions can only refer to a time subsequent to the election, and therefore provide no authority for such pre-election determination as occurred here.[6] Support for this

---

3. Doe v. Smith, 487 P.2d 47, 53 (Alaska 1971); In re G.M.B., 483 P.2d 1006, 1008 (Alaska 1971).

4. Section 2.2(c) provides: "The Council shall be the judge of the election and of the qualifications of its members."

5. Section 7–38(d) states:
   After the canvass and the filing of the records of the meeting of the canvassing board, the City Clerk shall within two (2) days, make and sign a certificate of election for each person declared thereby to be elect-

ed and shall deliver the same to him upon demand. A certificate of election is prima facie evidence of the fact therein contained but the City Council shall decide all questions as to the qualifications and election of its own members.

6. We are not here confronted with a question involving a council passing on the qualifications of its members. Accordingly, we do not here consider the jurisdiction of the courts over such an issue. *See* E. McQuillin, Municipal Corporations § 12.93 at 412–17 (3rd ed. rev. Dray 1973).

reading of the North Pole Home Rule Charter provision and Ordinance § 7–38(d) may be found in Banks v. Election Commissioners of Boston.[7]  Therein, the court wrote:

> The only ground set forth in the demurrers which merits our attention relates to the jurisdiction of the court because of St.1909, c. 486, § 50, as amended by St. 1924, c. 479, § 15, which in part reads, "The city council shall be the judge of the election and qualifications of its members". . . . It is clear, and no suggestion has been made to the contrary, that by St.1895, c. 449, § 4, the board has all the powers and duties relating to "the determination of the results of elections".  Therefore, until the board determines such results and issues a certificate to one whom it has determined to have received the vote necessary for election, there does not exist anyone who is a "member" whose election and qualifications the city council may judge. . . . Up to the point that a certificate has been issued, at least, the matter is in control of the court, which may in proper proceedings direct the board to whom to issue the certificate.  An adjudication to this effect does not trench upon the prerogatives of the legislative body.  (citations omitted).

Similarly, the Supreme Court of Monroe County, New York has stated:

> Section 5–7 of such Charter, which provides that the Council "is the judge of the election and qualification of its members" relates to the incoming Council. The legislative body to which a member is elected has the power to judge the election and qualification of its members, not the body in office at the time of the election. . . .  No Council may sit in judgment of the qualification of members elected to a succeeding Council. Otherwise, the orderly transition of government could be obstructed, the will of the voters frustrated and public officers perpetuated in office.  Accordingly, it is held that the present Council, of which petitioner is not a member, is without jurisdiction to judge his election and qualifications.[8]

■  As a necessary consequence of our holding that the City Council of North Pole was without authority to pass upon the qualifications of any candidate for City Council before the election, it follows that Miller and Jenkins were improperly deprived of the right to have their names appear on the ballot.  The only official authorized to make pre-election determinations of qualification for candidacy, the City Clerk, accepted both appellants' declarations of candidacy thereby implicitly finding compliance with all requirements necessary to candidacy including the requisite residency.  Since the City has agreed that should Miller and Jenkins prevail on the question of their qualifications for candidacy a new election would be held,[9] and since we find that the City Clerk's determination that the appellants' were qual-

---

7.  327 Mass. 509, 99 N.E.2d 755, 757–58 (Mass. 1951).

8.  Roche v. Lamb, 61 Misc.2d 633, 306 N.Y.S. 2d 515, 517 (Monroe Co.Sup.Ct.1969) (citation omitted).  *See also* Raynovich v. Romanus, 450 Pa. 391, 299 A.2d 301, 303 (Pa.1973) (councilman may not vote for himself nor may he vote on any matter in which he has a personal or pecuniary interest) ;  Robinson v. Hays, 62 S.W.2d 1007, 1008 (Tex.Ct. Civ.App.1933) (determining election contest is quasi-judicial matter requiring exercise of judicial discretion on the part of those making the determination, thus a candidate

for re-election to city council who is a party to an election contest cannot participate in official capacity in determining validity of election).

9.  During the course of the hearing on plaintiffs', appellants herein, motion for a temporary restraining order, counsel for the City of North Pole and the City Clerk stated:
>  Your Honor, the city understands that if the plaintiffs are successful after the election is held, that the election would be a nullity, at least as to the seats that they filed for; and that a new election would have to be held. . . .

ified for candidacy was never properly challenged,[10] we remand to the superior court for the purpose of ordering that the election of November 6, 1973 be nullified as to the seat sought by Mr. Miller and that a new election be held, as expeditiously as possible, to fill the City Council position thus rendered vacant.[11]

Because, under our resolution of the issues involved herein, the City of North Pole and the City Clerk do not prevail on any issue, the lower court award of attorney's fees to them is vacated.

Reversed.

Again, at the hearing on the motion for a preliminary injunction, counsel for the defendants, appellees here, said:

> We still maintain that we are prepared, if either of these plaintiffs are found by the court to have been illegally deprived of the right to run for office, to have an election for that seat that they desired to run for.

10. Should any member of the City of North Pole electorate wish to challenge the City Clerk's determination, the proper fashion is by means of a suit filed against the City Clerk to compel removal of Mr. Miller's name from the list of eligible candidates. In the event that such a challenge is made on the basis of Mr. Miller's failure to satisfy the residency requirement of Section 2.2(a) of the North Pole Home Rule Charter, we note at this time our agreement with the trial court's finding that AS 15.05.020(10) does not apply to municipal elections. That section, pertaining to state elections, provides that the address of a voter which appears on his official voter registration card is presumptive evidence of the person's voting residence.

11. Since City Council positions are for a term of three years, the relief granted is in no sense illusory. We note again that such relief applies only to Mr. Miller, the case being moot with regard to Mr. Jenkins.