ATTORNEYS FOR APPELLANT/
    CROSS-APPELLEE
Edward O. DeLaney
Amanda Couture
DeLaney & DeLaney LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE/CROSS-APPELLANT

Terry R. Modesitt
Chou-il Lee
Modesitt Law Offices, P.C.
Terre Haute, Indiana

George T. Patton, Jr.
Bryan H. Babb
Bose McKinney & Evans LLP
Indianapolis, Indiana

# In the
# Indiana Supreme Court

**FILED**

Jun 16 2009, 11:59 am

CLERK
of the supreme court,
court of appeals and
tax court

No. 84S01-0904-CV-148

KEVIN D. BURKE,  *Appellant-Cross-Appellee (Petitioner below),*

v.

DUKE BENNETT,  *Appellee-Cross-Appellant (Contestee below).*

Appeal from the Vigo Circuit Court, No. 84C01-0711-MI-145
The Honorable David R. Bolk, Judge

On Transfer from the Indiana Court of Appeals, No. 84A01-0801-CV-2

**June 16, 2009**

**Dickson, Justice.**

Duke Bennett became the Mayor of Terre Haute, Indiana, after defeating the incumbent, Kevin Burke, in the November 6, 2007 general election. On November 19, 2007, Burke filed this action to contest the election, asserting that Bennett was ineligible. Following a bench trial, the trial court rejected Burke's challenge and declared Bennett elected as the qualified candidate who received the highest number of votes. The Court of Appeals reversed and remanded for a new election. Burke v. Bennett, 896 N.E.2d 505 (Ind. Ct. App. 2008). We granted transfer and now affirm the trial court's confirmation of Bennett's election as Mayor.

Burke challenged Bennett's election, seeking the remedy provided by Indiana Code § 3-12-8-2, which authorizes an election to be contested on various grounds, subsection (1) of which is that "[t]he contestee was ineligible."[1]  Such action may be brought within fourteen days after election day by "[a] candidate who desires to contest an election or a nomination."  Ind. Code § 3-12-8-5(a).  Burke's claims that Bennett was ineligible rested exclusively on the Indiana disqualification statute, § 3-8-1-5(c), and its references to the federal Little Hatch Act.  Burke claimed that Bennett's pre-election employment as Director of Operations at the Hamilton Center, a not-for-profit community mental health center headquartered in Terre Haute and a Head Start grant recipient, made Bennett subject to the Little Hatch Act, 5 U.S.C. § 1501(4), and thus disqualified him from assuming or being a candidate for elected office pursuant to the Indiana disqualification statute, Ind. Code § 3-8-1-5(c)(6)(A).

The trial court, while finding that Bennett's "functions in connection with the Hamilton Center's Early Head Start program" subjected him to the Little Hatch Act, nevertheless concluded that under the Indiana disqualification statute Bennett could not be disqualified because, as the mayor-elect, he was no longer a candidate when the election contest was filed and because, "[a]t the time of taking mayoral office, Bennett will no longer be employed at the Hamilton Center," and thus not subject to the Little Hatch Act.  Both parties appealed, disputing the aspects of the trial court order adverse to them.  The Court of Appeals reversed, concluding that Bennett had been ineligible to be a candidate and that this ineligibility prevented him from assuming office, but, rather than declare Burke to be the elected mayor, held that the resulting vacancy should be filled by a special election.  Both Burke and Bennett sought transfer.  Burke opposes a special election and seeks to be directly certified as Mayor.  Bennett disputes the Court of Appeals findings regarding the application of the Little Hatch Act and alternatively argues that long-standing Indiana law prevents an election loser from upsetting the election results on grounds of an alleged ineligibility unknown to the voters.

The parties disagree on whether, during the pre-election campaign, the connection between Bennett's work for the Hamilton Center and its Head Start program was sufficient to

---

[1] This statute lists additional grounds for an election contest, but the trial court found that Burke presented evidence only in support of his claim that Bennett was ineligible.  Appellant's App'x at 9.

subject him to the candidacy limitations of the Little Hatch Act. We need not resolve this dispute to decide this case, the outcome of which is controlled by the language of the Indiana disqualification statute.

The disqualification statute, which Burke asserts as the basis of his claim that Bennett was ineligible, provides in relevant part as follows:

> (c) A person is disqualified from assuming or being a candidate for an elected office if:
> * * *
> (6) the person is subject to:
> (A) 5 U.S.C. 1502 (the Little Hatch Act); or
> (B) 5 U.S.C. 7321-7326 (the Hatch Act);
> and would violate either federal statute by becoming or remaining the candidate of a political party for nomination or election to an elected office or a political party office.

Ind. Code § 3-8-1-5(c). With exceptions not relevant here, the Little Hatch Act applies to the political activities of state and local government employees as well as people employed by a state or local agency "whose principal employment is in connection with an activity which is financed in whole or in part by loans or grants made by the United States or a Federal Agency." 5 U.S.C. § 1501(4). Although a private, non-government organization, the Hamilton Center is subject to the Act under federal law because it is an agency that "assumes responsibility for planning, developing, and coordinating Head Start programs." 42 U.S.C. § 9851(a).

Pursuant to Indiana Code § 3-12-8-1, an Indiana election contest action permits a post-election challenge to the winning candidate. The post-election remedy is available if the winning candidate "was ineligible." Ind. Code § 3-12-8-2(1). As relevant to this action, an election contest petition must state that the person elected "does not comply with a specific constitutional or statutory requirement set forth in the petition that is applicable to a candidate for the office." *Id.* § 3-12-8-6(a)(3)(A). A trial court, after hearing a petition "alleging that a candidate is ineligible," must declare as elected "the *qualified* candidate who received the highest number of votes and render judgment accordingly." *Id.* § 3-12-8-17(c) (emphasis added).

Burke's claim of Bennett's ineligibility is grounded on the Indiana disqualification statute, specifically its subsection (5)(c)(6), which declares a person disqualified "from assuming" or

from "being a candidate" for elected office if both of two conditions are satisfied: (1) the person "is subject to" the Little Hatch Act, *and* (2) the person "would violate [the Act] by becoming or remaining" a political party's candidate for elective office. *Id.* § 3-8-1-5(c)(6). The disqualification statute thus may be employed either pre-election to challenge a person as a candidate or post-election to prevent an election winner from assuming his or her position. The point in time at which the statute's disqualifiers are to be assessed depends upon whether the challenger is using the statute to prevent another person from being a candidate or from assuming office. In this case, Burke is using the statute in an effort to stop Bennett from assuming his elected position of Mayor.

The statutory language for both of these two conditions in subsection (5)(c)(6) focuses on current or prospective status as the basis for disqualification due to the Hatch Act and Little Hatch Act. In contrast, several of the statute's other provisions clearly refer to a person's past conduct as grounds for disqualification. For example, disqualification applies for past conduct if the person "gave or offered a bribe, threat, or reward to procure the person's election"; was convicted of a felony or certain federal laws; or had been previously removed from the office. *Id.* §§ 3-8-1-5(c)(1) to (c)(4). This construction of the Indiana disqualification statute's provision regarding the Hatch Act and Little Hatch Act, subsection 5(c)(6), while restraining its application in post-election contests, does not impede the pre-election application of subsection 5(c)(6) to challenge a person's qualifications to be a candidate for elected office.

The disqualification statute provides two reasons why Burke cannot prevail in this election contest. First, as he is seeking to use the statute not to prevent Bennett's candidacy but to prevent his assumption of office, the statutory disqualifiers are to be assessed as of the time the office is to be assumed. Among its supporting findings, the trial court found: "At the time of taking mayoral office, Bennett will no longer be employed at the Hamilton Center. Thus, when he is assuming office, he will no longer be employed by the Hamilton Center and, consequently, will not be subject to the Little Hatch Act." Appellant's App'x at 20. Burke does not contest this finding. Second, when as here an election victor's Little Hatch Act involvement is being asserted to establish disqualification, the issue is not whether a successful candidate *was* subject to the Act or *had been* in violation of it when the candidate *became* or *remained* a candidate. Rather, it

4

is whether the election winner *is* subject to the Act and whether he *would* violate it by *becoming* or *remaining* a candidate. This ground for disqualification requires proof that a person would, in the future, violate the Act by becoming or remaining a candidate. Clearly this disqualifier is inapplicable to establish ineligibility in a post-campaign election contest. From the time Burke filed his election contest action to Bennett's anticipated assumption of the position of Mayor, it is undisputed that Bennett was no longer a candidate. From the undisputed facts, it was thus impossible for Burke to establish that Bennett "*is* subject to" and "*would* violate" the Little Hatch Act "by becoming or remaining" a candidate, the elements for disqualification under section (5)(c) of the disqualification statute, upon which Burke predicated his election contest.

This application of the Indiana disqualification statute is consistent with the longstanding respect for the right of the people to free and equal elections, Ind. Const. art. 2, § 1, and the reluctance of this Court to remove from office a person duly elected by the voters. *See, e.g.*, Pabey v. Pastrick, 816 N.E.2d 1138, 1148 (Ind. 2004) ("[T]his Court has long held that statutes providing for contesting elections should be liberally construed in order that the will of the people in the choice of public officers may not be defeated by any merely formal or technical objections." (internal quotation marks omitted)); Oviatt v. Behme, 238 Ind. 69, 74-75, 147 N.E.2d 897, 900 (1958) ("Properly qualified voters may not be disfranchised except by their own willful or deliberate act to the extent that one who did not receive the highest vote cast may still be declared elected."). Past cases have refused to remove an elected officer on claims of ineligibility unless the electorate had notice or knowledge of the ineligibility or disqualification. Oviatt, 238 Ind. at 74-76, 147 N.E.2d at 900-01; Hoy v. State ex rel. Buchanan, 168 Ind. 506, 517-18, 81 N.E. 509, 513-14 (1907). *Cf.* Fields v. Nicholson, 197 Ind. 161, 166, 150 N.E. 53, 55 (1925) ("[I]n the absence of proof that the voters willfully threw away their ballots on a candidate they knew could not lawfully be elected, the mere fact that the one who received the largest vote was ineligible to be elected . . . is not enough to give the candidate who received a less number the right to the office."); State ex rel. Heston v. Ross, 170 Ind. 704, 706-07, 84 N.E. 150, 150-51 (1908) (same); State ex rel. Clawson v. Bell, 169 Ind. 61, 67-68, 82 N.E. 69, 71-73 (1907) (same).

Transfer having been granted, we affirm the trial court's judgment declaring Duke

Bennett to be the qualified candidate who received the highest number of votes in the 2007 general election, and therefore the elected Mayor of Terre Haute, Indiana.

Shepard, C.J., and Sullivan, Boehm, and Rucker, JJ., concur.