DICKSON, J.,
concurring in result.
I agree that it was correct to dismiss the petition for election contest and thus join my colleagues in the Court’s decision to reverse the trial court and affirm the Commission, but my conclusion is based on different grounds.
A.
The Indiana Democratic Party brought this petition, contesting the election of Charlie White, under Indiana’s statutory election contest procedures which permit a challenge when a person elected “does not comply with a specific constitutional or statutory requirement ... applicable to a candidate,” Ind.Code § 3-12-ll-3(b)(4)(A). The petition asserts a violation of Indiana Code Section 3 — 8—1—1(b) requiring White to be “registered to vote.”[1] The Court concludes that such a challenge cannot be brought after the election is held because the Court interprets the applicable election contest statutes to require such a challenge to be brought before the election.
I do not share the Court’s view that the applicable statute, Indiana Code Section 3-12-ll-3(b)(4)(A), does not permit a post-election challenge. To the contrary, the election contest statute explicitly envisions a post-election challenge. It expressly permits persons to contest the “election of a candidate,” Ind.Code § 3-12-ll-l(a) (emphasis added) — i.e., the person “declared ... elected,” Ind.Code § 3-12-11-3(b)(4)(A) — up to 14 “days after election day,” Ind.Code § 3-12-1 l-2(a) (emphasis added).[2] The plain language of the statute allows a petitioner to challenge, as a ground for contesting the election of a candidate, whether the person elected failed to comply with a “statutory requirement ... applicable to a candidate.” Ind. Code § 3-12-ll-3(b)(4)(A) (emphasis added). I find that such language reflects a clear legislative intent that the election contest statute authorizes a challenge to an elected candidate’s eligibility to have been *491 a candidate in the first instance. Thus, I cannot join the Court’s view that the use of the present tense in “does not comply” operates to nullify explicit contrary statutory language and clear intent.
In addition, I do not find Burke v. Bennett, 907 N.E.2d 529 (Ind.2009), to be relevant to today’s case. In Burke, the election was contested on grounds that a person was ineligible to be a candidate under the federal Little Hatch Act only if the candidate “would violate it by becoming or remaining a candidate.” 907 N.E.2d at 532. We held that this requirement applied only to a “future” violation of the Act and could not be used retrospectively. Id. Thus, we found that Bennett was not disqualified under the statute because “From the time Burke filed his election contest action to Bennett’s anticipated assumption of the position of Mayor, it is undisputed that Bennett was no longer a candidate.” Id. The language of the Little Hatch Act, which was determinative to our decision in Burke, is not implicated in the present case.
B.
It is my view that this statutory provision, to the extent that it imposes a statutory requirement for candidacy for the office of Secretary of State, conflicts with the Indiana Constitution and therefore cannot serve as a basis upon which to challenge a candidate’s eligibility.
The Indiana Constitution declares:
There shall be elected, by the voters of the state, a Secretary, an Auditor and a Treasurer of State, who shall, severally, hold their offices for four years. They shall perform such duties as may be enjoined by law; and no person shall be eligible to either of said offices, more than eight years in any period of twelve years.
Ind. Const, art. 6, § 1. As to these offices, this provision renders a person unqualified for the office if the term of such office would result in the person serving more than eight years in any period of twelve years. It does not impose any other qualification requirement for the office nor can one be found elsewhere in the Constitution. See generally Ind. Const.
The Constitution does establish more extensive eligibility requirements for members of the General Assembly,[3] the Governor and Lieutenant Governor,[4] Justices of the Supreme Court or Judges of the Court of Appeals,[5] and local prosecuting attor *492 neys.[6] In each instance, the Constitution prescribes in detail the qualifications for a person to be elected or appointed as an officer in the respective capacity. For each officer, the Constitution establishes requirements implicating citizenship, duration of residency in the official district, age, or professional experience. Such an extensive prescription of qualifications for some offices and not others belies any notion that the Framers’ omission of additional eligibility criteria for persons seeking the offices of Secretary, Auditor, or Treasurer of State was inadvertent. It strongly suggests that the Framers were keenly focused on the issue. Indeed, the Constitution does not prescribe an extensive set of qualifications for other constitutionally established officers, whose duties are similarly administrative in nature. Neither the provisions providing for a Superintendent of Public Instruction nor an Adjutant General prescribe any eligibility criteria for persons holding such offices. See Ind. Const, art. 8, § 8 (“There shall be a State Superintendent of Public Instruction, whose method of selection, tenure, duties and compensation shall be prescribed by law.”); id. art. 12, § 3 (“There shall be an Adjutant General, who shall be appointed by the Governor.”). Though not dispositive of the issue, it would appear that the Framers selectively applied eligibility qualifications, at least in part, depending on the character and function of the particular office at issue.
Moreover, the Constitution does not grant the General Assembly any express power to modify the qualifications for a constitutionally prescribed office. See generally Ind. Const. Neither can such authority be implied from the grant of general legislative power provided for in Article 4, Section 1 (“The Legislative authority of the State shall be vested in a General Assembly, which shall consist of a Senate and a House of Representatives.”) because the Constitution expressly delineates the qualifications to be Secretary of State. Cf. League of Women Voters of Ind., Inc. v. Rokita, 929 N.E.2d 758, 767 (Ind.2010) (holding that the General Assembly lacks any power to modify the “substantive qualification^ to the right to vote assured by Article 2”); Morris v. Powell, 125 Ind. 281, 287-88, 25 N.E. 221, 223 (1890) (“That, when the people by the adoption of the constitution, have fixed and defined in the constitution itself what qualifications a voter shall possess to entitle him to vote, the legislature cannot add an additional qualification, is too plain and well recognized for argument or to need the citation of authorities. The principle is *493 elementary that when the constitution defines the qualification of voters, that qualification cannot be added to or changed by legislative enactment.”). In League of Women Voters of Ind., Inc., while recognizing the principle that the General Assembly may not modify the substantive voter qualifications prescribed in the Indiana Constitution, this Court held that the challenged provisions in the Voter ID Law were permissible election regulations and not unconstitutional additional substantive qualifications for voting. 929 N.E.2d at 767. In contrast, the statutory prerequisite that a candidate for Indiana Secretary of State be a registered voter imposed by Indiana Code Section 3-8-1-1(b) is a substantive qualification for office, not a mere procedural regulation governing the implementation of constitutionally valid eligibility qualifications. Unlike the requirement that a voter present an ID when voting to verify that they satisfy the voting qualifications prescribed in our Constitution, the statutory requirement that a candidate for Secretary of State be registered to vote requires an eligibility qualification absent from the Constitution.
For this reason, I conclude that the legislature’s attempt to impose an additional eligibility qualification — requiring a candidate for this position to be “registered to vote,” Ind.Code § 3 — 8—1—1(b)—is violative of the Indiana Constitution and thus cannot serve as a basis upon which to contest a candidate’s eligibility for election to the office of Secretary of State. The election contest petition was thus properly dismissed.

. Ind.Code § 3 — 8—1—1(b) provides:
(b) A person is not qualified to run for:
(1) a state office;
(2) a legislative office;
(3) a local office; or
(4) a school board office;
unless the person is registered to vote in the election district the person seeks to represent not later than the deadline for filing the declaration or petition of candidacy or certificate of nomination.

. Chapter 11 also permits the state chairman of a candidate's political party to bring such a challenge when the candidate does not file a petition by the deadline. Ind.Code § 3-12-11 — 1(b). In such instances, a state chairman must file the petition within 17 days "after election day.” Ind.Code § 3-12-1 l-2(b).

. "No person shall be a Senator or a Representative, who, at the time of his election, is not a citizen of the United States; nor any one who has not been for two years next preceding his election, an inhabitant of this State, and, for one year next preceding his election, an inhabitant of the district whence he may be chosen. Senators shall be at least twenty-five, and Representatives at least twenty-one years of age.” Ind. Const, art. 4, § 7.

. "The executive power of the State shall be vested in a Governor. He shall hold his office during four years, and shall not be eligible more than eight years in any period of twelve years.” Ind. Const, art. 5, § 1.
"No person shall be eligible to the office of Governor or Lieutenant Governor, who shall not have been five years a citizen of the United States, and also a resident of the State of Indiana during the five years next preceding his election; nor shall any person be eligible to either of the said offices, who shall not have attained the age of thirty years.” Ind. Const, art. 5, § 7.
"No member of Congress, or person holding any office under the United States or under this State, shall fill the office of Governor or Lieutenant Governor.” Ind. Const, art. 5, § 8.

."To be eligible for nomination as a justice of the Supreme Court or Judge of the Court of Appeals, a person must be domiciled within the geographic district, a citizen of the United States, admitted to the practice of law in the *492 courts of the State for a period of not less than ten (10) years or must have served as a judge of a circuit, superior or criminal court of the State of Indiana for a period of not less than five (5) years.” Ind. Const, art. 7, § 10.
"Tenure of Justices of Supreme Court and Judges of the Court of Appeals. A justice of the Supreme Court or Judge of the Court of Appeals shall serve until the next general election following the expiration of two years from the date of appointment, and subject to approval or rejection by the electorate, shall continue to serve for terms often years, so long as he retains his office. In the case of a justice of the Supreme Court, the electorate of the entire state shall vote on the question of approval or rejection. In the case of judges of the Court of Appeals the electorate of the geographic district in which he serves shall vote on the question of approval or rejection.
Every such justice and judge shall retire at the age specified by statute in effect at the commencement of his current term.” Ind. Const, art. 7, § 11.

. "There shall be elected in each judicial circuit by the voters thereof a prosecuting attorney, who shall have been admitted to the practice of law in this State before his election, who shall hold his office for four years, and whose term of office shall begin on the first day of January next succeeding his election.” Ind. Const, art. 7, § 16.